Ottawa Northern Plank Road Co. *v.* Murray.

THE OTTAWA NORTHERN PLANK ROAD COMPANY, Appellants, *v.* JAMES B. MURRAY, Appellee.

### APPEAL FROM LA SALLE.

Where a corporate company receives money and gives a mortgage to secure its repayment, the company cannot avoid liability by questioning the authority of the persons making the loan.

Where the condition of a bond and mortgage is that on failure to pay an instalment of interest when due, the principal should immediately become payable,

a neglect to pay an instalment of interest when it becomes due, works a forfeiture of the mortgage.

THE decree in this case was entered by LELAND, Judge, at the February special term, of the La Salle Circuit Court.

GLOVER & COOK, for appellants.

HOLLISTER and CAVARLY, for appellee.

TREAT, C. J.  The Ottawa Northern Plank Road Company was formed under the provisions of " An Act for the construction of plank roads by a general law," approved on the 12th of February, 1849.  The company was authorized by a special act, passed on the 15th of June, 1852, " to borrow money for the purpose of constructing and operating said road; and to that end, said company is hereby authorized to mortgage said road, or any part thereof, and its revenues, by a deed of mortgage, executed by its president by order of its board of directors."

On the 1st of July, 1852, a bond was executed in the name of the company to Murray, in the penalty of $10,000; which recited a loan of $5,000 by Murray to the company, for the term of three years, with interest at the rate of ten per centum per annum, payable semiannually on the first days of January and July, at the Bank of the State of New York, in the city of New York; and was conditioned for the payment of the sum so loaned, and the interest thereon; and it contained a provision that on the failure to pay an instalment of interest when due, the principal should immediately become payable.  This instrument was executed by Hickling, as president and director of the company, and by Leland, Norris, Hosford, and True as directors, under their hands and seals.  At the same time, the company executed a mortgage of the road and its appendages to Murray. It recited the bond at large, and was conditioned for the payment of the loan therein specified.  The mortgage was executed in the name of the company by its president; and it stated that this was done by the order of the board of directors. It was also regularly acknowledged and recorded.

On the 2d of March, 1853, Murray exhibited a bill in chancery against the company, praying for a foreclosure of the mortgage.  The bill set forth the foregoing state of facts, and alleged a failure of the company to pay the instalment of interest falling due on the 1st of January, 1853, whereby the

sum loaned had become due and payable. The bond and mortgage were referred to as exhibits.

The company answered: " That they admit the company was organized as stated in the bill; and they admit that a mortgage was executed as in the bill stated, by the persons named in the bill, for money borrowed for the use of the company, by the persons executing the mortgage. They deny that the persons named in the bill, as having borrowed the money or executed the mortgage, were directors of the company, or authorized to bind the company by mortgage. They say that inasmuch as the money was borrowed for the use of the company, that on the 18th of January, 1853, they paid to the complainant the sum of $251.38, which sum was then and there accepted and received by him in full satisfaction and discharge of the sum of $250, due by the terms of the mortgage on the 1st day of January, 1853, and as and for the payment of said instalment of interest." A replication was filed.

The company took the deposition of a witness, who testified, that on the 18th of January, 1853, in the city of New York, and on behalf of the company, he tendered the complainant $251.38, on account of the interest due on the loan on the 1st of that month; which sum the complainant declined to receive.

On the hearing, the court decreed a foreclosure of the mortgage. It is recited in the decree, that the cause was heard upon bill, answer, exhibits, and evidence. The bond and mortgage appear in the record. The company prosecuted an appeal.

It is apparent from the record, that the bond and mortgage were in evidence on the hearing of the case. They were made exhibits by the bill, and they are copied into the record. The decree states that the cause was heard upon exhibits, and as there were no other exhibits in the case, it manifestly has reference to these instruments.

The complainant proved his case by the production of the bond and mortgage. The bond, though not executed in the corporate name, shows on its face, that the loan was in fact made on account of the company. Besides, the answer admits that the money was borrowed for the benefit of the company. The mortgage was executed by the company in the mode prescribed by its charter, for the express purpose of securing the payment of the loan thus made. After receiving the money, and giving the mortgage to secure its repayment, the company cannot avoid liability by questioning the authority of the persons making the loan. The company is certainly bound by the

mortgage, however it may be as respects the bond. Even if the persons signing the bond are personally responsible thereon to the complainant, the company is, notwithstanding, liable to him by force of the mortgage.

By the terms of the mortgage, the principal was to become due on the failure of the company to pay the interest promptly. It failed to pay the first instalment of interest when it fell due, and the mortgage was thereby forfeited. The proof introduced by the company did not sustain the allegation of the answer, that the complainant waived the forfeiture by afterwards accepting the interest. He refused to receive the money tendered, and thereby insisted upon the forfeiture.

The decree must be affirmed.

*Decree affirmed.*