THE FIRST NATIONAL BANK OF LAS VEGAS

*v.*

GEORGE OBERNE *et al.*

121   25
80a 118
80a 122

121      25
L194 ²170

*Filed at Ottawa May 15, 1886.*

1. AGENCY—*repudiating act of agent beyond his authority, the principal receiving and retaining the benefits.* A party can not be allowed to repudiate a contract made in his name by an assumed agent, on the ground of a want of authority in the agent to make it, without restoring the money received by him under the contract, as the result of the agent's act.

2. An agent authorized to check out of bank, moneys deposited to the credit of his principals, made a loan of $1000 of his principals' money without authority, and took a note for the same, which he, also without authority, transferred to the bank, and guaranteed its payment in his principals' name, by him, as agent, and deposited in bank the proceeds of the discount. The agent afterward checked out the entire sum so deposited, on checks drawn in his principals' name, of which $560 was shown to have been checked out in payment for goods purchased by him for his principals, which they received: *Held,* in an action by the bank against the principals, upon the guaranty, in which the execution of the guaranty was denied under oath, that the defendants were liable to the extent of $560, they having received that much of the sum realized, by the unauthorized act of their agent, and retained the same, but were not liable for the residue.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. PECKHAM & BROWN, for the appellant:

In consequence of the indorsement and guaranty of the note, by Davis, as agent of Oberne, Hosick & Co., $1000 was placed to their credit by appellant. This entire sum was drawn out of the plaintiff bank, on checks signed "Oberne, Hosick & Co., by Davis," and it has never been returned or accounted for in any manner, by the defendants, or for them.

The plaintiff bank was justified in paying out Oberne, Hosick & Co.'s money on checks signed by "Oberne, Hosick & Co., by Thomas Davis," as they were authorized and expected by the defendants to do this, and, in fact, Davis had authority to draw checks.

Appellees can not be permitted to repudiate a contract on the ground of want of authority in the acting "agent," without restoring or offering to restore the money which they received under and by virtue of the contract, and as the result or fruit of the act of such agent. *Harding* v. *Parshall,* 56 Ill. 219.

Mr. HENRY V. FREEMAN, for the appellees:

Davis was a special agent of the appellees, and could not bind his principals, except strictly within his authority. *Rossiter* v. *Rossiter,* 8 Wend. 498; *Banorgee* v. *Hovey,* 5 Mass. 36; *Rawson* v. *Curtiss,* 19 Ill. 477; 1 Parsons on Contracts, 40-42, 44, 46.

Davis had no power to bind appellees, by indorsement or guaranty. *Tappan* v. *Savings Bank,* 127 Mass. 109; *Robinson* v. *Yarrow,* 7 Taunt. 455; *Paige* v. *Stone,* 10 Metc. 160; *Swetzer* v. *Wilvers,* 24 Kan. 384; *Iron Mine* v. *Citizens' Bank,* 44 Mich. 344; Parsons on Mercantile Law, 143.

Authority to sue (had it been given) does not include authority to make a principal liable by indorsement, much less

by guaranty. 1 Parsons on Contracts, 62; *Bradlee* v. *Savings Bank,* 127 Mass. 109.

The transfer of the note, with its indorsement or guaranty, was not, therefore, the act of appellees. They have never ratified the transaction in any way, either expressly or by implication. These two points, involving mixed questions of law and fact, are sustained by the evidence and the law, as stated in the following authorities: *Rossiter* v. *Rossiter,* 8 Wend. 498; *Iron Mine* v. *Citizens' Bank,* 44 Mich. 348; *Freeman* v. *Rosher,* 66 Eng. Com. L. R. 785; *Lewis* v. *Read,* 13 M. & W. 834; *Owens* v. *Hull,* 9 Pet. 629; *Reynolds* v. *Ferre,* 86 Ill. 576.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by the First National Bank of Las Vegas, against George Oberne and Henry M. Hosick, upon the following guaranty of a promissory note, viz.:

"$1000.                    LAS VEGAS, N. MEXICO, *Oct. 15, 1882.*

"Six months after date, I promise to pay to the order of Oberne, Hosick & Co., $1000, at Las Vegas, New Mexico, at the rate of one per cent per month, from date, till paid. Value received.                    EDWIN A. PRENTICE.

"Pay to First National Bank Las Vegas, or order.

"For and in consideration of the sum of ten cents, the receipt whereof is hereby acknowledged, we hereby guarantee the payment of the within note, waiving demand and notice of non-payment and protest, and agree to pay all costs and expenses paid or incurred in collecting same.

OBERNE, HOSICK & Co.
By THOMAS DAVIS."

The declaration contained also the common counts. The issue formed under the plea of the general issue, verified by affidavit, was tried by the court without a jury, and found for the defendants, and after overruling a motion for a new trial,

judgment was entered accordingly, which was affirmed on appeal to the Appellate Court for the First District, and the plaintiff appealed to this court.

Oberne, Hosick & Co., the defendants, were a firm in Chicago, dealing in wool, hides and pelts, etc., who bought them at various places, Las Vegas among others, had them shipped to Chicago, and sold them there. Thomas Davis was their agent at Las Vegas. The course of business was for Davis, when he made a purchase, or anticipated making one, to draw drafts on Oberne, Hosick & Co., the amounts of which were placed to their credit in open account, on the books of the bank, and were checked against by Davis, who signed the firm name of Oberne, Hosick & Co. to the checks, by Thomas Davis. On October 23, 1882, the account of Oberne, Hosick & Co. was overdrawn $16.45. On that day, Davis applied to the bank for it to purchase the note in question. The cashier wrote on the back of the note the indorsement and guaranty which appear, and Davis signed the name of the firm, by himself, thereunder. The note was then taken by the bank, and the amount of it placed to the credit of Oberne, Hosick & Co., on the books of the bank. This amount, between October 23, and November 20 following, was all checked out by Davis, upon checks signed "Oberne, Hosick & Co., per Thomas Davis." There were no other credits in the account of Oberne, Hosick & Co., during that period from October 23 to November 20, or until December 1, 1882. Two of the checks thus drawn,—one on October 24, the other on October 26,—for the respective sums of $500 and $60.27, were given to Weil & Graaf for hides and pelts bought of them by Thomas Davis, as agent of Oberne, Hosick & Co. The note of Prentice appears to have been given for a loan of money to him by Davis.

The foregoing facts are undisputed, and upon them we are of opinion there was a right of recovery, at least to the extent of $560.27,—the amount of the proceeds of the note which

was paid to Weil & Graaf. Admitting that there was no authority in Davis to bind Oberne, Hosick & Co. by the indorsement and guaranty of the note, yet it appears, that in consequence of such indorsement and guaranty there was placed to their credit, on the books of the bank, the proceeds of the note,—$1000,—and that $560.27 of such proceeds was actually paid out by the bank to Weil & Graaf upon checks given by the defendants, by their agent, in payment for hides and pelts bought of Weil & Graaf by the defendants, so that defendants actually got that much of the proceeds for the guaranteed note. Now they can not be permitted to repudiate a contract made in their name by an assumed agent, on the ground of a want of authority in the agent to make it, without restoring the money received by them under the contract, and as the result of the agent's act. (See *Harding* v. *Parshall*, 56 Ill. 219.) It was for the consideration of the supposed guaranty by defendants, of the note, that the bank paid over to them the money, and manifestly the bank should have either one or the other,—the consideration or the money; and if defendants deny the consideration to the bank, they should repay to it the money they have received.

It is urged by appellant, that as Davis was authorized to give checks upon the bank in the name of Oberne, Hosick & Co., and as the entire proceeds of the note were drawn out on checks thus given, the whole amount should be taken as received by the defendants, or that the bank had the right to consider it as so received. Though the checks were drawn in the name of Oberne, Hosick & Co., by Thomas Davis, they might have been so drawn wrongfully, and the money not have gone to the use of defendants, in the same manner as the transaction of the note was without authority. And it was only funds in the bank, of Oberne, Hosick & Co., that Davis was authorized to check upon, and the proceeds of the note were not their funds if they repudiated the transfer and guaranty of the note.

Otherwise than as to the amount shown to have actually gone to the use of defendants, in payment for goods purchased by them, viz., $560.27, we can not say the judgment was wrong.

The judgments of the Appellate and circuit courts are reversed, and the cause remanded to the circuit court.

*Judgment reversed.*

Mr. JUSTICE MULKEY :    I do not concur in this opinion.