THE STATE *ex rel.* LAUPHEIMER, *Appellant*, v. HARRINGTON *et al.*

1.   **Agency:** RATIFICATION. One ratifying an act done in his name without previous authority must ratify it as done; he cannot ratify in part and reject in part.

2.   ———: ———: LEVY OF EXECUTION. Where a debtor confessed judgment in favor of several creditors through his attorney, who caused executions to be issued and delivered to the sheriff in their behalf giving preference to some of the creditors, *held* that a postponed creditor could not adopt the confession of judgment and issuance of the execution and reject the direction of the attorney postponing his levy.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Krum & Jonas* for appellant.

(1)  The sheriff should have executed appellant's execution number 133 against J. I. Mayer contemporaneously with the other executions delivered to him at the same time.  R. S. 1879, sec. 2362.  (2) It is the attorney of record only, that is invested with implied authority to do certain acts after judgment to bind the client. *State v. Hawkins*, 28 Mo. 372–3; *Kimball v. Gates*, 15 Vt. 414; *Weist v. Lee*, 3 Yeates, 47; *Succession of Barr*, 8 La. Ann. 458; Weeks on Attorneys, par. 220, page 386.  And the burden is upon the sheriff to establish the fact that Mr. Frank was attorney of record, and gave him instructions at variance with the command of the execution.  *State ex rel. v. Cave*, 49 Mo. 131; *State ex rel. v. Melton*, 8 Mo. 417; *Bank v. Potius*, 10 Watts, 148.  (3) To execute a writ of execution is to apply the proceeds of goods seized under it.  *Love v. Williams*, 4 Florida, 126; *Drew v. Lainson*, 11 Adolphus & Ellis, 537; *Hutchinson v. Johnson*, 1 Term. (Durnford & East) 729.  There having been no sale of the goods under the five contemporaneous executions at the time the sheriff was notified to execute plaintiff's execution according to law; and no return having then been made on the executions, whatever had been done with respect to them was subject to alteration or correction.  Freeman on Executions, par. 358, page 592; *Welsh v. Joy*, 13 Pick. 477; *Nelson v. Cook*, 19 Ill. 455. And even after sale, if not certain as to his proper course with reference to the distribution of the proceeds, the sheriff should have paid the money into court, or have invoked the court's judgment as to his duty in the premises.  Murfree on Sheriffs, par. 538, page 250. (4) There is no conflict in the evidence.  It is all one way.  In this view of the case this court will consider the facts which were before the trial court.  *Hearne v. Keath*, 63 Mo. 88; *Douglass v. Orr*, 58 Mo. 575; *Schmieding v. Ewing*, 57 Mo. 83.

*E. T. Farish* for respondents.

(1)  As to the position assumed by plaintiff, that the sheriff should have followed the mandate of the statute, we say: Though section 2362, Revised Statutes, 1879, provides, "that if two or more writs be delivered to the sheriff on the same day, against the same persons, they shall have equal rank, and be executed accordingly," yet this only prescribed a rule to the sheriff, which may be changed by directions from the parties having control of the writs.   Freeman on Executions, sec. 251, citing: *Bragg v. State*, 30 Ind. 427; *Love v. Williams*, 4 Fla. 126; *Rust v. Pritchett*, 5 Harring. 260; *Com. v. Stratton*, 7 J. J. Marsh. 92; *Heenan v. Evans*, 4 Scott (N. R.) 2; *Walker v. Anderson*, 31 Tex. 646; *Arberry v. Nolan*, 2 J. J. Marsh. 422; *Million v. Com.*, 1 B. Monroe, 312; Gropey on Sheriffs, 117.   (2) It appearing that Mr. Frank acted as attorney for plaintiff and procured the judgment for him, "such appearance is presumed to be authorized by the party to the suit, and the burden of proof is upon the party denying the authority." *Leavitt v. Wallace*, 12 N. H. 489; *Osburne v. Bank*, 9 Wheat. 231; *Thomas v. Steele*, 22 Wis. 207. " Where an attorney appears without authority in a cause, he is liable to the party for whom he appears for any damages sustained by him in consequence of such action." *Smith v. Bowdich*, 7 Pick. 138; *Herk v. Todhunter*, 7 Har. & J. 275.   (3) The confessions of judgments by Mayer in favor of several of his creditors was a mode of giving them a preference, and was substantially the same as though he had turned out so much personal property to them respectively.   "A principal cannot ratify a transaction in part and repudiate it as to the rest.   He must either adopt the whole or none."   And hence the general rule is deduced, that where a ratification is established as to a part it operates as a confirmation of the whole of that particular

transaction of the agent." Story on Agency, sec. 250. "The principal cannot say, 'a part of this act I ratify, a part I reject.' He must, when the transaction is made up of several independent conditions, accept the whole or none. Hence, if his principal ratifies that which favors him he ratifies the whole." Wharton's Commentaries on Agents and Agency, sec. 72.

BRACE, J.—This is an action on a sheriff's bond. The case was tried before the court without a jury. The finding was for the defendants, and judgment rendered in their favor, from which the plaintiff appeals.

The facts are undisputed. On March 4, 1885, Jacob I. Mayer, a merchant in the city of St. Louis, in failing circumstances, undertook, by confession of judgment in favor of certain of his creditors, to prefer the payment of their debts out of his property. For this purpose, he employed one Nathan Frank to prepare the necessary statements and obtain for such creditors entry of judgment by confession and levy of execution upon his property. In pursuance of such employment, the said Frank, as attorney for the said Mayer, prepared the necessary papers, and, on that day, the said Mayer, by means thereof, confessed judgment in the circuit court of the city of St. Louis, in favor of the Mechanics' Bank, for sixty-seven hundred and forty-four dollars; in favor of B. Lichtenstein *et al.*, for ten thousand, nine hundred and ten dollars; the Fourth National Bank, for twenty-one hundred and sixty dollars; M. W. Mendall, for twenty-four hundred and twenty-six dollars; Levi Stern, for fifteen hundred dollars; S. M. Lederer, for twenty-two hundred dollars, and in favor of the relator for the sum of eighty-two hundred and fourteen dollars and eighty cents. Executions were immediately issued upon such judgments and delivered to the said Frank, whose name was endorsed thereupon as attorney for the plaintiffs, and who, thereupon,

delivered the same to the sheriff, with directions to levy said executions upon the property of said Mayer, in the following order: The executions in favor of the Mechanics' Bank, Lichtenstein, The Fourth National Bank, Mendall and Stern, first and simultaneously; then the Lederer execution, subject to these five; then the Laupheimer execution, subject to the others, and immediately thereafter notified the several creditors aforesaid of his action in the premises. A few days afterwards Laupheimer appeared at the office of Frank, obtained from Frank an order upon the sheriff to levy his execution on a trade mark of the said Mayer, and in a day or two thereafter appeared and told Frank that he had learned that his execution had been levied subsequent and subject to the executions of the other creditors upon the other property of said Mayer. Upon being assured by Frank that such was the fact, he departed, and thereafter employed Messrs. Krum and Jonas as his attorneys, through whom the following order was procured from Mr. Frank:

" *To the Sheriff of St. Louis:*

"DEAR SIR:—I simply acted for the time being for Mr. Laupheimer. You are at liberty to follow the instructions of any other attorney he may designate.

"NATHAN FRANK,

"Attorney for Laupheimer."

Thereafter, Messrs. Krum & Jonas represented the said Laupheimer in said judgment and execution, procured their names to be endorsed on the execution as attorney for Laupheimer, in place of Frank, caused the trade mark of Mayer to be levied on, demanded before sale of the property that the sheriff amend his entry of the levy of said execution so as to show that it was simultaneously levied with the other executions, and that the proceeds of the sale of the property levied upon be pro-rated between the execution of plaintiff and the

executions of the other judgment creditors, delivered to him at the same time. This the sheriff refused to do, made the sale in accordance with the levies as originally made, by direction of Frank, made return of the several executions, showing a sale under the first five executions recited, and that nothing remained to apply upon the plaintiff's execution, which was thereafter returned not satisfied. And the net proceeds of the sale under order of the court upon such return was pro-rated between said first five executions, he, the plaintiff, getting nothing on his judgment, and he brings this suit against the sheriff.

There can be no question that Frank was the attorney of the debtor Mayer in the whole matter of attempting to secure certain of his said creditors by confessions of judgments in their favor; and to secure a preference to certain of such creditors over others, by having the executions levied in the manner stated. In these matters, so far as the evidence shows, he was not the attorney of the plaintiff, nor of any other creditor in whose favor a judgment was confessed, neither the plaintiff nor any other of said creditors were bound by his acts, or those of his client, in that behalf. There was but one party, and his attorney, to the proceedings which resulted in the rendition of these several judgments, the issuance of executions thereon, their delivery to the sheriff by that attorney, and the levy made by the sheriff, in pursuance of the attorney's directions. When these creditors were then notified what had been done by their debtor for their benefit, they were at perfect liberty to refuse to recognize the whole transaction, treat it as a nullity and pursue their legal remedies for the collection of their debts, and this course was open to each one of them, whatever course others of them might see proper to pursue; or, upon the other hand, each one of them had the right to sanction and ratify what was done in their behalf, and to receive such benefit as might enure to him from this action of

his debtor. But the transaction was an entirety as to each, from the confession to the levy; neither of the beneficiaries thereof could ratify a part and reject a part. The plaintiff could not say your act in confessing judgment in my favor, in causing execution to issue thereon, and to be delivered to the sheriff at the time and under the circumstances was beneficial to me, and I adopt that part of your act, but your act in directing the order of the levy of such execution is injurious to me and I reject it. The one must be taken with the other, or the whole rejected. "One who ratifies an act done in his name without previous authority ratifies it as done." *Menkens v. Watkins*, 27 Mo. 163; Story on Agency, sec. 230; Wharton's Agency, sec. 72.

The plaintiff, in ratifying the act of his debtor's attorney in securing the judgment in his favor, in causing execution to be issued thereon and delivered to the sheriff, also ratifies the levy made by the sheriff in pursuance of the directions of said attorney, given him at the time of the delivery of the writs of execution. And the sheriff, in making the sale and accounting for the proceeds, in accordance with such levies, has been guilty of no breach of the conditions of his bond of which the plaintiff can complain in respect thereof. All concur, except BARCLAY, J., not sitting.