GEORGE B. RIPLEY v. GEORGE F. CASE.

[See 78 Mich. 126.]

*Sale—False representations—Principal and agent—Ratification—Assumpsit.*

1. The doctrine is settled in this State that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the injured party being as serious as though it had proceeded from a *vicious* purpose, he would have a right of action for the damages caused thereby, either at law or in equity. *Holcomb v. Noble*, 69 Mich. 396, and cases there cited.

2. For the remaining questions of law decided, see the former opinion, reported in 78 Mich. 126, and *Busch v. Wilcox*, 82 Id. 336.

Error to Wayne. (Gartner, J.) Argued May 8, 1891. Decided June 5, 1891.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion, and in 78 Mich. 126.

*Barbour & Rexford,* for appellant.

*Alfred Russell,* for defendant.

MORSE, J. This case has been here once before, and will be found reported in 78 Mich. 126.

The case, as made by the plaintiff on the last trial, does not differ materially from that shown in the record of the first trial, upon which our opinion was based. The case of the defendant did not at all contradict or alter the case made by the plaintiff, except to show his good faith in the transaction; that he did not warrant

the bond; that he sent it to New York, believing it to be good; that he himself made no fraudulent representations to Mr. Ripley; and that Ripley had ample opportunity to read the bond, examine and inquire about it.

The circuit judge put the case to the jury upon the good faith of Case, and said to them that all the law necessary to be stated to them in the case was from the opinion of the Supreme Court as follows:

"If defendant actually *cheated* plaintiff out of good money for a worthless bond, under circumstances which deceived, and were naturally calculated or intended to deceive, there is no reason why he should not be compelled to refund."

He also submitted five questions to the jury specially, which, and the answers found to them by the jury, are as follows:

"1. Did not Mr. Case consult Mr. Coleman, cashier of the People's Savings Bank, and did he not inform Case it was worth $1.03?

"A. Yes.

"2. Did not Mr. Case send the bond to New York afterwards, believing it to be good, and with no fraudulent intent?

"A. Yes.

"3. Did Mr. Case make any fraudulent representation of any kind to Mr. Ripley, the plaintiff?

"A. No.

"4. Did Mr. Case in any way warrant or guarantee the bond?

"A. No.

"5. Did not Ripley, the plaintiff, have ample opportunity to read the bond, examine and inquire about it?

"A. Yes."

Under the charge of the court and the finding of the jury in answer to these special questions they very naturally brought in a general verdict for the defendant.

In our opinion, the question of the good faith of Case

was not material to a determination of the real issue. While it may have been proper enough for him to show his good faith in rebuttal of an implication of actual fraud, yet actual fraud on his part was not necessary to the plaintiff's recovery. If the plaintiff was defrauded by purchasing a worthless bond which was represented to be a good one, he is entitled to recover its value, although fraud is alleged upon the part of the defendant, and yet the defendant is shown to have been innocent of any intentional fraud or misrepresentation.

"The doctrine is settled in this State that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a *vicious* purpose, he would have a right of action for the damages caused thereby either at law or in equity." See *Holcomb v. Noble,* 69 Mich. 396, and cases there cited.

The record here shows that Case sent this bond to a friend in New York to deposit the same with a firm of brokers for sale, stating in his letter that it was a Michigan Central Railroad bond. This letter led those in New York handling the bond in his interest to suppose that it was a Michigan Central Air Line bond, which bonds were guaranteed by the Michigan Central Railroad Company, and were good, when in fact it was a Michigan Air Line bond, not guaranteed by said company, and worthless. The plaintiff bought the bond on the representation of the broker that it was a Michigan Central Air Line bond. This is not disputed. The defendant, having accepted the proceeds of this sale, ratified it, and, having ratified it, must be held to be bound by all the acts of the agent within his assumed authority; and, the representations of the agent being within such assumed authority, his representations by such ratification became and were the representations of Case, the

same as if he had made them himself. *Busch v. Wilcox,* 82 Mich. 336.

There remains, then, no reason why Ripley should not recover back from Case the amount he paid for this worthless bond, unless, as argued by defendant's counsel, the plaintiff, having ample opportunity to examine this bond, and equal opportunity with defendant to ascertain its true character and worth, therefore took it at his own peril, and cannot make Case liable for plaintiff's failure to ascertain what kind of a bond it was. In answer to this argument it is only necessary to say that the law of this case as laid ·down when it was here before must remain the law of this case to its end. In deciding the case then Mr. Justice CAMPBELL said, in answer to this same claim then made:

"If a bond is represented as belonging to a certain known kind, and has nothing in its general looks to raise suspicion, and if it is purchased honestly on ·such ·a recommendation, it is a fraud to so transfer it."

There can be no doubt that the plaintiff purchased this bond honestly relying upon the recommendation of the broker, and the fact that he did not closely inspect it cannot be used against his recovery, any more than it could in the case of a counterfeit bill.

The action was properly brought in *assumpsit.* The plain, indisputable fact is that the defendant has received the money of the plaintiff for nothing; for a worthless bond, which the plaintiff was induced to take by the misrepresentation of a person assuming to act as the agent· of defendant, and whose acts the defendant has ratified, and for which he is responsible on account of such ratification. The plain case, stripped of all verbiage, is that the defendant has money in his hands, received from the sale of this bond, which equitably belongs to plaintiff, and refuses to pay it over.

The circuit judge should have directed a verdict for the plaintiff for the amount admitted on the trial to be his due if he was entitled to recover at all.   It did not necessarily follow from our opinion delivered when the case was here before that there was any question to be submitted to the jury.   On the trial we were then examining, the judge directed a verdict for the defendant, and we held that the plaintiff was entitled to go to the jury on his case as then made, and intimated pretty clearly, we think, that the plaintiff had made out a clear case upon that trial.   The question whether a verdict should have been directed for the plaintiff was not examined, but we plainly said that the plaintiff had made out a case for recovery, and had a right to go to the jury, and added:

" Whether defendant's case was likely to help him, or what view might be taken of the testimony on either side, the jury, under proper instructions, will have to determine."

We did not intend to rule, as contended by defendant's counsel, that in any event the defendant's case must be submitted to a jury, whether or not such case had any tendency to disprove the case of the plaintiff on the vital issue.   The " proper instruction," as the case stood upon the last trial, would have been that a verdict must be given the plaintiff.

The judgment below is reversed, and a new trial granted, with costs of this Court to plaintiff.

CHAMPLIN, C. J., McGRATH and LONG, JJ., concurred.  GRANT, J., did not sit.