THE FIRST NATIONAL BANK OF TRENTON, Appellant, v.
THE BADGER LUMBER COMPANY, Respondent.

Kansas City Court of Appeals, May 15, 1893.

Principal and Agent: RATIFICATION OF UNAUTHORIZED TRANSACTION: RETENTION OF FRUITS OF. The duties of defendant's agent at Trenton was to sell lumber, make collections, pay expenses, make daily reports and deposit money collected in the local banks and check the same out in defendant's name. He made it seems, without the defendant's knowledge, two notes in its name which he paid. He got behind with defendant and in its name made a note to plaintiff, which defendant refused to pay, denying the agent's authority, of which want of authority plaintiff appears to have had no knowledge. Plaintiff however tendered the note, and sued for money had and received. The agent sent the money secured on the note to defendant. *Held:*

(1) Per SMITH, P. J., finding the facts as above, that defendant was liable as on discovering the facts, it should have returned the money, since a principal cannot repudiate the unfavorable part of an unauthorized transaction of the agent and adopt the favorable part.

(2) Per GILL, J., *concurring,* and finding further that the agent in four years time had kept an active bank account with other banks and borrowed in the name and behalf of defendant various sums by overdraft, of which the evidence tended to show defendant had knowledge that it was error to take the case from the jury by peremptory instruction, and that defendant cannot deny the agent's authority and at the same time hold on to the proceeds of his borrowing.

(3) Per ELLISON, J., *dissenting,* and finding that the note transaction was an isolated one with this plaintiff, that the case as made concedes there was no authority to make the note or borrow the money, and rests solely on ratification and should not be placed with the class of cases declaring that if the principal retain the fruits of a transaction done by his agent after he becomes aware of how such fruits were obtained he will be held to have ratified the act, since the money sued for was not paid as defendant's money, or as money which had arisen on any of defendant's transactions, but as the agent's money in discharge of his debt, and defendant's subsequent knowledge of the unauthorized note did not affect its right to retain the money and its retention did not ratify the unauthorized transaction.

*Appeal from the Grundy Circuit Court.*—Hon. G. D. Burgess, Judge.

Reversed and remanded.

*Stephen Peery* and *McDougal & Sebree*, for appellant.

Under the proofs, it is clear that Hershe was defendant's agent, and that his authority was plenary. The defendant, knowing the facts, received and retained the money. Even if the act of Hershe were unauthorized, yet there is no exception to the rule that "a principal by keeping the fruits of the unauthorized act of his agent, after knowledge of the fact, ratifies the act and makes it his own," and judgment should have gone, and should in this court go, for the plaintiff. *Davis v. Krum*, 12 Mo. App. 279, 287, and cases cited; *Watson v. Bigelow*, 47 Mo. 413.

*Harber & Knight*, for respondent.

(1) The acts of Hershe in obtaining the draft from appellant being as they were unauthorized by respondent in order to become binding on respondent must have been ratified by it with a full knowledge of all the material facts and "the receipt, even from an agent, of money paid him on a contract does not bind the principal to the contract unless he knows on what account the money was received and the terms of the contract." *Penn Co. v. Dandridge*, 8 Gill & J. 323; *Baldwin et al. v. Burrows*, 47 N. Y. 212; *Winsor v. Bank*, 18 Mo. App. 665-675. When considered with reference to the facts appearing in each announce a different doctrine. (2) There was no evidence in this case tending to prove the allegations of

appellant's petition, *i. e.*, "That the money was had by respondent without consideration, or that respondent being fully advised and well knowing all the facts in relation to the manner the same was obtained withheld and withholds same." And "it is among the fundamentals of the law that the *onus probandi* lies on him who asserts the affirmative of the issue" * * * "and as a matter of course if he puts his case on the theory of ratification he must show that the confirmatory act took place with full knowledge of all material facts on the part of him sought to be charged." *Cravens v. Gillilan*, 63 Mo. 28; *Nixon v. Palmer*, 8 N. Y. 398; *Reese v. Medlock*, 27 Tex. 120; *Clark v. Lyon Co.*, 7 Nev. 75; *Fletcher v. Dysart*, 8 B. Mon. 413. (3) It is clear from the testimony that the draft was received and the money had by respondent without any knowledge of the transaction between Hershe and appellant, and not as fruits of a contract made for them or in their behalf, but upon an independent liability of Hershe to respondent, and the acceptance of said draft; and the receiving and keeping of the money therefrom, under these circumstances, did not amount to a ratification of Hershe's authorized act, or render respondent liable in this action. So say all the authorities. Cases cited above, and *Bohart v. O'Berne*, 36 Kan. 284; *Gulick v. Grover*, 33 N. J. Law, 463; *Fuller v. Ellis*, 39 Vt. 345; *Reese v. Medlock*, 27 Tex. 120; *Bell v. Cunningham*, 3 Pet. 69; *Owings v. Hull*, 9 Pet. 607; *Nickson v. Palmer*, 8 N. Y. 398; *Suit v. Tracy*, 36 N. Y. 79; *Manning v. Gasharie*, 27 Ind. 309, 413; *Bohart v. O'Bern*, 36 Kan. 284; *Lathon v. Bank*, 18 P. 824; *Reynolds v. Ferney*, 86 Ill. 570; *Clark v. Lyon Co.*, 7 Nev. 76; *Fletcher v. Dysart*, 9 B. Mon. 413; 1 American Leading Cases, 573; Story on Agency, sec. 239; *Eggleston v. Mason*, 51 N. W. Rep. (Iowa) 1; *Hyde v. Larkin*, 35 Mo. App. 365; *Carson v. Cummings*,

69 Mo. 328; *Cravens v. Gillilan*, 63 Mo. 28; *Ruggles v. Washington Co.*, 3 Mo. 497; *Watson v. Bigelow*, 47 Mo. 413; *Davis v. Crum*, 12 Mo. App. 279.

SMITH, P. J.—The plaintiff is a national bank and the defendant a business corporation. The general business office of the latter is at Kansas City, though it has a lumber yard at Trenton which at the time the transaction took place out of which this action arose was under the management of one Hershe whose duties it seems were to use his best endeavors to make sales of lumber furnished by defendant, make collections, pay the necessary expenses of the business there, make daily reports of the business to the general office, make deposits of money collected in the local banks. and check out the same in the name of the defendant.

Hershe made two notes in the name of the defendant which he paid before he made the one of which we shall have occasion to presently speak, but whether the defendant knew of these transactions is not shown by the evidence. Hershe fell behind with the defendant in respect to the faithfully accounting for all moneys received by him in his capacity as agent for the defendant. To cover up his defalcations he made in the name of the defendant a note to the plaintiff bank in which he had been depositing the moneys of the defendant for the sum of $500, which the defendant refused to pay at maturity, or at all, on the ground that Hershe had no authority to make and sign the same for it. It does not appear that the plaintiff had knowledge of Hershe's want of authority to do this. It seems to have loaned the money on the credit of the defendant. Indeed there is much evidence adduced from which this might possibly have been inferred; but however this may be the plaintiff seems to have conceded after the defendant's refusal to pay the note that Hershe had not

the requisite authority to make the note, and so sued the defendant for the return of the money borrowed on its note. It appears further that Hershe received for the note so made to plaintiff a draft for $500 on the Bank of Commerce of Kansas City which he sent to the defendant who collected the same.

The defendant not only refused to pay the note but to return the amount thereof which it received after becoming acquainted with all the facts. The trial court in effect declared that the defendant incurred no liability to plaintiff in consequence of these facts. It repudiated the unauthorized act of its agent in signing the note but ratified the transaction to the extent of retaining the proceeds of the discount after becoming aware of all the facts. This of course the law does not tolerate. A party under such circumstances cannot repudiate that part of an unauthorized transaction of an agent which is unfavorable to him and adopt that part which is favorable. *Nichols v. Kern*, 32 Mo. App. 1; *Ruggles v. County*, 3 Mo. 497; *State ex rel. v. Harrington*, 100 Mo. 170; Mechem on Agency, sec. 148, and authorities cited in note 1. He must approve and ratify it entirely or not at all.

Although the defendant did not authorize its agent to borrow of the plaintiff said sum of money and was ignorant of the fact that he had done so when the said sum was paid over to it, yet if after defendant ascertained the fact that its agent had borrowed said sum on its credit and that he had paid over the same to it, then upon every principle of right doing and justice the debt became its own as much so as if it had in the first instance authorized its agent to procure the loan of the plaintiff. Under all the circumstances it would be more reasonable and equitable to hold the defendant to an agreement which it ignorantly ratified than that the plaintiff who was acting in good faith should be sub-

jected to loss. *Ruggles v. County*, 3 Mo. 497; *Norton v. Bull*, 43 Mo. 113; *Watson v. Bigelow*, 47 Mo. 413; *Carson v. Cummings*, 69 Mo. 325; *Fowler v. Bank*, 22 N. Y. (Sickels) 138; *Davis v. Krum*, 12 Mo. App. 279; Mechem on Agency, sec. 113-116-148; Herman on Estoppel & Res Adjudicata, sec. 1073-1074.

The defendant should upon repudiating the unauthorized act of its dishonest agent have returned the fruits of the latter's crime which had come into the possession of the former, though innocently so. When defendant was advised of the fact that it had money in its possession which it had received from its agent and which had been obtained by him in its name and upon its credit by fraud, the least that it could have done would have been to make restitution to the rightful owner. The defendant by retaining the fruits of Hirshe's crime after acquiring full knowledge of the unauthorized transaction made that transaction its own. *Davis v. Krum*, 12 Mo. App. 279; Mechem on Agency, *supra*. The court erred in directing the jury that under the evidence the plaintiff could not recover.

The judgment of the circuit court will be reversed and cause remanded to be proceeded with in accordance with the views we have herein expressed. GILL, J., concurs in separate opinion, ELLISON, J. dissents.

GILL, J. *(concurring.)* The case as gathered from the record is simply this: Hershe was from October, 1887, to August, 1891, the agent or manager in charge of defendant's lumber yard at Trenton. During that time Hershe in the name of his principal kept an active bank account, *first*, with Shanklin & Austin, and then with the Grundy county National Bank, and frequently during all that time borrowed on account of said principal various sums of money from said banks by overdrafts. In July, 1891, Hershe, in the name and behalf

of the said Badger Lumber Company, borrowed $500 from plaintiff and gave the note of his principal therefor. This money was at once turned over to said lumber company and they used it as their own. Subsequently Hershe was discharged, defendant refused to pay the note on the ground that Hershe had no authority to execute it, and the plaintiff brought this action tendering the note in court and asking judgment for the said $500 which Hershe had procured from it and given over to defendant.

In my opinion the trial court erred in giving a peremptory instruction for the defendant. In the first place I think there was evidence tending to prove that Hershe was authorized to borrow the money in controversy. The testimony shows that for more than two years prior to this transaction he had on divers occasions secured in the name of the defendant advancements from the banks at Trenton, and the evidence tends to show that of this defendant had full knowledge. And in the second place whether Hershe had such authority or not there is conclusive proof that this money so borrowed from the plaintiff was turned over to the defendant and they have used it as their own, and refused to return the money after being advised of the fact. They cannot deny Hershe's authority to borrow and at the same time hold on and appropriate the proceeds of such borrowing. The case of *Watson v. Bigelow*, 47 Mo. 413, settles this feature of the controversy against the claim of the defendant.

ELLISON, J.—This action is for money had and received of plaintiff by defendant. The statement of the petition and the case as made is a concession that the agent had no authority to execute the note. I think the petition and the testimony refute the idea that *defendant* borrowed any money of plaintiff. To

borrow is to contract. There is no attempt to show any dealing with this plaintiff by defendant's agent except in the single instance over which this controversy has arisen, and in this instance the agent falsely represented or assumed authority to borrow for defendant and to execute defendant's note. There is but the isolated transaction. The case then has nothing to support it unless it be ratification and I think has not even this to rest upon. Keeping in mind that this action is not based on a contract of any sort, but is for a sum "had and received of plaintiff's money without any consideration therefor;" and that the case as made concedes there was no authority to make the note or to borrow the money at all, the act claimed to be ratified is necessarily only the act of the agent in receiving of plaintiff the money or the draft for the money. But there is no evidence whatever that defendant knew that the money came from this plaintiff. Defendant must have known this in order to be bound by ratification. Ratification presupposes a knowledge of the act ratified. *Winsor v. Bank*, 18 Mo. App. 665, 675. But defendant retained the money after knowledge. Still this case should not be placed with that class of cases declaring that if the principal retain the fruits of a transaction done by his agent after he becomes aware of how such fruits were obtained he will be held to have ratified the act. This case belongs entirely to another class. The money which is here sued for was not paid or turned in to defendant as *defendant's money* or as money which had *arisen on any of defendant's transactions*. It was paid by the agent and received by *defendant as the agent's money in discharge of his debt*. The money was received in payment of what was due to defendant from its agent, for collections made or to cover his defalcation—I assume this to be practically conceded. Defendant knew nothing of what was after-

wards disclosed at the trial and only received from the agent a debt he owed it. In such case defendant may retain the money without thereby ratifying the conduct of the agent. This has been expressly so ruled. *Bohart v. Oberne*, 36 Kan. 284; *Baldwin v. Burrows*, 47 N. Y. 211, 212; *The Penn, etc., Co. v. Dandridge*, 8 Gill & J. 324. Indeed, the case is no more than this, that defendant's agent owed it money. He obtained the sum necessary to pay it by the fraudulent use of its name, without its knowledge or consent. Defendant received the money as was its right. Money is current and passes from hand to hand without the necessity of inquiry or responsibility upon the receiver to the source from whence it comes. Defendant is no more liable to this action for the money received than if it had been obtained of plaintiff by the fraudulent use of any other name.

But aside from this consideration as before intimated the case as presented, in my opinion, rebuts all idea of *contract* between the parties by ratification or otherwise. I think the action of the trial court should be affirmed.