## BLAKLEY v. COCHRAN.

1. PRINCIPAL AND AGENT—RATIFICATION—KNOWLEDGE OF FACTS—INFERENCE FROM SITUATION OF PARTIES.

Where decedent, for three years prior to her death, lived at the home of her business manager, who previously, in her absence, had borrowed money to pay for repairs upon her house, and had given her note therefor without authority, the jury, in determining the validity of a claim upon the note, were justified in drawing the inference that decedent, before making statements to the manager's wife relied upon to show a ratification, informed herself fully as to the transaction.

2. SAME—EVIDENCE—SUFFICIENCY.

A statement made by decedent to the manager's wife, with full knowledge of the facts, to the effect that, but for her owing the note in question, she might carry out a certain benevolence, taken in connection with a letter previously written to the manager, expressing satisfaction that he had been able to raise the money for the repairs, was sufficient to support a finding that she had ratified the execution of the note.

3. SAME—AGENT'S CLAIM AGAINST PRINCIPAL'S ESTATE—ACCOUNTING—DEFENSES.

A claimant against an estate upon a note need not show affirmatively, where he was agent for the decedent for several years before her death, that he had properly accounted to her as to all matters between them, as the failure so to account is matter of defense.

Error to Alpena; Kelley, J.     Submitted April 20, 1898. Decided June 28, 1898.

Abraham R. Blakley presented a claim against the estate of Julia F. Farwell, deceased, upon a promissory note. The claim was allowed in the probate court, and George G. Cochran, a legatee, appealed to the circuit. From a judgment for claimant, contestant brings error. Affirmed.

*Joseph H. Cobb* (*J. D. Turnbull*, of counsel ), for appellant.

*I. S. Canfield* and *Frank Emerick*, for appellee.

MONTGOMERY, J.   This is an appeal from the Alpena circuit allowing a claim in favor of Abraham R. Blakley against the estate of Julia Farwell, deceased.   Mr. Blakley was the business manager of the estate of Julia Farwell from the time she came into possession of her estate by inheritance from her mother until her death, which occurred February 29, 1896.   This estate consisted of dwelling houses, a brick block, and unimproved property, or city lots, situated in Alpena, a portion of which had been sold on land contracts.   Miss Farwell disposed of her property by will, dividing it into three equal parts.   One-third she willed to George Grove Cochran, the contestant in this case; one-third to her sister, Mrs. Osborn; and one-third principally to charitable institutions.   Mr. Blakley filed two claims in the probate court against the estate of Miss Farwell,—one for his personal services in managing the estate for the last few years, the other on a promissory note, which reads as follows:

"$1,200.                     ALPENA, August 14, 1888.
   "One year after date I promise to pay to the order of Mrs. A. E. Montague twelve hundred dollars, at Alpena ( value received ), with interest at 8 per cent. per annum until paid.
                     [Signed]   "JULIA FARWELL,
            " By ABRAHAM R. BLAKLEY, Agent."

The note is indorsed: "A. R. BLAKLEY.   A. E. MONTAGUE."

Both of these claims were allowed in the probate court, and from that order Mr. Cochran appealed to the circuit court.   Mr. Blakley presented no evidence on the trial in the circuit court in support of his claim for services, but his claim upon the note was allowed by the jury at $1,966, and the case is brought to this court for review.

In 1887 the house occupied by Mr. Blakley, and the one

adjoining it, were partially destroyed by fire.  Mr. Blakley collected the insurance, and commenced to repair the one he lived in.  He also repaired the corner house, and on June 1, 1888, the corner house was completed and rented to Mr. Gilchrist.  August 14, 1888, Mr. Blakley gave Mrs. Montague the note presented against Miss Farwell's estate.  In the spring of 1889 he sold Mrs. Montague a farm, and took this note in payment.  Miss Farwell resided in St. Paul, Minn., from October, 1885, until April 5, 1889, when she visited Alpena.  She returned to St. Paul, May 16, 1889, and remained until September, 1892, from which time she made Alpena her home.  She was absent from Alpena when the fire occurred and when the houses were repaired.

1. No claim is made that Mr. Blakley had any authority whatever, under his power of attorney or otherwise, to make this note.  It is contended that Miss Farwell recognized her liability on the note, and ratified the transaction.  Defendant contends that there was no evidence of ratification; and, further, that no recovery should have been permitted until the claimant accounted with the estate as to all his transactions, and showed affirmatively that he did not owe deceased on account of such dealings.  Claimant could not himself give testimony as to facts equally within the knowledge of deceased.  He, however, called his wife as a witness.  She testified that she saw and read a letter to claimant written by deceased while she ·was in St. Paul, in answer to a letter written by Mr. Blakley, in which deceased wrote that she was glad he (Mr. Blakley) was able to raise the means to fix over the house and to pay for the repairs, and that it was all satisfactory to her; that she was glad it was done.  Mrs. Blakley further testified that at a later date, in a conversation between deceased and herself, relating to the note in suit, deceased said there were some missionary causes she wanted to give more money to.

"Said she would like to give more money to those missionaries, or some cause they had, but said that she didn't

think she could on account of this note of Abraham that she owed; she must pay that first."

It is contended that, before a ratification can be shown, it must appear that the principal has full knowledge of the transaction. This knowledge may be inferred from the circumstances proven. At the time of this last conversation, deceased was a resident of Alpena, living in the family of claimant, and the jury might well have drawn the inference that she had informed herself of the situation before making the statements shown.

2. No claim of set-off was filed, nor was there any definite showing as to the amount of money that came to the hands of claimant as agent of deceased. The note in question, if a valid obligation, came to claimant by transfer from the payee, and was a distinct item by itself. It was not incumbent in a suit on this note to show affirmatively that in all the dealings between the parties, for all the years in which he acted as her agent, he had properly accounted to her. This was matter of defense.

The charge of the circuit judge was sufficiently favorable to the estate.

Judgment affirmed.

The other Justices concurred.