ROSENTHAL et al. v. HASBERG.

(Supreme Court, Appellate Term. June 22, 1903.)

1. PARTNERSHIP—AUTHORITY TO BORROW MONEY.
   A surviving partner has authority to borrow money in order to close up the affairs of the partnership.

2. SAME—AGENCY—POWER OF ATTORNEY—CONSTRUCTION.
   A writing executed by a partnership, appointing an agent its "true and lawful attorney for us and in our name, place and stead to make, draw, sign and issue promissory notes, checks, drafts and acceptances payable at the 19th Ward Bank * * * out of moneys to the credit of our firm in said bank," conferred authority on the agent to make promissory notes.

3. SAME—ACT OF AGENT—RATIFICATION.
   Where one purporting to act as an attorney for a partnership made a note in its name, and the proceeds of the note were placed to the credit of the firm in the bank, the partnership ratified the agent's acts by accepting the benefits, and could not afterwards question his authority.

Appeal from City Court of New York.

Action by Charles Rosenthal and another against Estelle Hasberg From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Johnston & Johnston, for appellant.
Fleischman & Fox, for respondents.

TRUAX, J.   In 1891 the firm of Popper & Hasberg, by a written instrument under seal, made, constituted, and appointed one Emanuel Popper its "true and lawful attorney for us and in our name, place and stead to make, draw, sign and issue promissory notes, checks, drafts and acceptances payable at the 19th Ward Bank of New York City out of moneys to the credit of our firm in said bank.   Also to endorse commercial paper for our credit and benefit in said bank." The firm of Popper & Hasberg was composed of the defendant and her mother, Henrietta Popper.   The said Henrietta Popper died on the 5th day of May, 1900, but the business of the firm of Popper & Hasberg was carried on after the death of the said Henrietta Popper by the defendant Hasberg.   It is true that the death of one of the copartners dissolved the partnership, but the survivor was entitled to the possession and control of the assets of the firm, which she could sell, mortgage, and dispose of to pay the debts and close up the affairs of the copartnership; and, in order to do this, she might borrow money.   Durant v. Pierson, 124 N. Y. 444, 26 N. E. 1092, 12 L. R. A. 146, 21 Am. St. Rep. 686.

The evidence shows that the said Emanuel Popper had charge of the business of Popper & Hasberg after the death of Henrietta Popper, and at the time the note on which this action was brought was made.   On the 9th day of September, 1901, the note in suit, signed in the name of Popper & Hasberg, was given to the plaintiffs by the said Emanuel Popper, in return for which note the plaintiffs gave to Emanuel Popper their note for $1,500, payable to the order of Popper & Hasberg.   This last-mentioned note was indorsed by Emanuel Popper in the name of Popper & Hasberg, and was discounted in the Nineteenth Ward Bank, and the proceeds of the note placed to the credit of Popper & Hasberg.   When the note in suit became due, said Emanuel Popper applied to the plaintiffs for an extension.   He paid $300 on account of the note in suit, and gave plaintiffs his own note for $1,200; and plaintiffs gave Popper their note, payable to his own order, for $1,200.   When the plaintiffs' note for $1,200 became due, plaintiffs paid said note, and took it up.   Plaintiffs never have received anything on the $1,500 note, except the said sum of $300.   The note for $1,200 was not given in payment or part payment of the $1,500 note, but was given as security for the $1,500 note.   It is claimed by the defendant that the power of attorney did not authorize Emanuel Popper to make promissory notes in the name of the firm of Popper & Hasberg, but this claim is not well founded.   He was authorized to make promissory notes.   These notes, the defendant claims, are to be "payable at the 19th Ward Bank * * * out of money to the credit of our firm in said bank." To say that one is to make a note "payable out of moneys to the credit of our firm in said bank," is meaningless.   It was checks, drafts, and acceptances that were to be paid "out of moneys to our credit in said bank."   Moreover, the evidence shows that the proceeds of the note in suit were placed to the credit of the firm of Popper & Hasberg.   By accepting the benefits of the acts of Emanuel Popper, the defendant ratified those acts, and cannot now question his authority.

None of the exceptions require a reversal of the judgment. Emanuel Popper was the agent of the defendant, and not the agent of the plaintiffs.

Judgment and order appealed from are affirmed, with costs. All concur.