## ANTRIM LUMBER CO. v. OKLAHOMA STATE BANK.

No. 8199—Opinion Filed Nov. 14, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 723.)

**1. Appeal and Error—Harmless Error—Failure to Instruct.**

Under the evidence of this case, the plaintiff being entitled to an instructed verdict, the failure of the trial court to instruct the jury upon the issues and the law applicable thereto is not reversible error.

**2. Principal and Agent—Agent's Unauthorized Act—Ratification.**

If a principal, after he has knowledge that money used in his business was loaned to his agent upon a promissory note to which the agent, without authority, had signed the principal's name, retains the money obtained by means of said note, he thereby ratifies the unauthorized act of the agent, and is liable to the lender upon the note.

(Syllabus by Edwards, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Oklahoma State Bank against the Antrim Lumber Company. Judg-

ment for plaintiff, and defendant brings error. Affirmed.

H. G. McKeever and Frederick L. Brimi, for plaintiff in error.

Hills & Manatt, for defendant in error.

Opinion by EDWARDS, C. The parties will be referred to as plaintiff and defendant, according to their position in the lower court. The defendant is a corporation operating various lumber yards, one of which is located at Enid, Okla. In 1912 J. P. McWilliams was local agent in charge of its Enid yard, with supervision and control of defendant's business at the point, his duties including the collection of moneys due the defendant, depositing the same, the drawing of checks in the name of defendant for the payment of the bills and expenses of the defendant, and general supervision of the bank account of the defendant for that yard, but said agent was without authority to borrow money or execute promissory notes in the name of the defendant, or to sign the name of the defendant to any such notes. On March 8, 1912, the said McWilliams, to protect an overdraft of defendant, executed a note to the plaintiff bank, in the sum of $800 due May 8th following, signing the said note, "Antrim Lumber Company, per J. P. McWilliams, G. Mgr." The amount of said note was credited upon the books of the bank to the defendant, Antrim Lumber Company. At the time this note was executed the said J. P. McWilliams was an embezzler, and short in his accounts with the defendant for several thousand dollars, which fact at that time was unknown to defendant, but knowledge of which was ascertained by it very soon thereafter. Subsequently said McWilliams in his own behalf made payments upon said note, reducing it to the sum of $590, for which amount plus interest and attorney's fees, this suit was instituted. The petition is in the ordinary form, alleging the note to have been executed by the defendant through its general manager, the said J. P. McWilliams. The answer denies that the defendant ever made the note, denies that it received credit by reason of said note, denied the authority of the said McWilliams to make the note for the defendant, and denies that it ratified the note. There is no particular controversy about the facts. It is not contended by the plaintiff that the agent, McWilliams, had any authority to execute the note in the name of the defendant, and it is not controverted by the defendant that upon the making of the note the proceeds were placed upon the books of the bank as a credit to defendant, nor is it claimed that the plaintiff at the time had any knowledge that the said McWilliams was an embezzler and short in his accounts with the defendant.

The plaintiff here insists that, as the defendant received and used the entire proceeds of the note, it is thereby better off financially than if the loan had not been made, and that the defendant cannot retain the benefits of the transaction and at the same time repudiate the acts of the agent in executing the note; that by retaining and using the money through its agent, the defendant as a matter of law is charged with knowledge, and thereby ratified the transaction and is liable to the lender.

The defendant, on the other hand, contends that as the note was made without any authority from defendant to cover an overdraft which would not have existed except for the embezzlement of McWilliams, the placing of the amount of the note to the credit of the defendant on the books of the bank, such credit being insufficient to make good the shortage of said McWilliams, was a mere book transaction and does not constitute benefits moving to the defendant.

The case was tried to a jury, and upon the conclusion of the evidence the court advised the jury that the evidence was insufficient to return a verdict for defendant, and directed them to return a verdict for the plaintiff, but concluded by telling the jury that they were not bound by this instruction and might return a different verdict. The defendant's counsel then asked that instructions be given the jury, and permission be granted counsel to argue the case. No instructions were given, but both defendant and plaintiff were permitted by the court to, and did, argue the case to the jury. The failure to give instructions was excepted to by the defendant. This proceeding was error. The court either should have granted a peremptory instruction to return a verdict for the plaintiff, or, if the matter was one to be submitted to the jury, should have instructed the jury upon the issues and the law governing the same, and have submitted the matter for their deliberation in an orderly manner.

However, if the undisputed evidence and the law applicable thereto are such that there was no question of fact for the jury and a verdict, if returned for defendant, would not have been permitted to stand, this error is immaterial. Shawnee National Bank v. Wootten & Potts, 24 Okla. 425, 103 Pac. 714; Western Union Tel. Co. v. Blackwell Mill & Ele. Co., 24 Okla. 535, 103 Pac. 717, 138 Am. St. Rep. 893.

Then the question, under the admitted facts, is, Was the plaintiff entitled to an instructed verdict in its favor? This question is to be answered by determining whether or not the defendant, by retaining the pro-

ceeds of the note in controversy, is liable to the lender upon the note. It appears to us that a mere statement of the transaction demonstrates clearly that the defendant received the benefit of the note. The case of Merchants' National Bank v. Nichols & Shepard Co., 223 Ill. 41, 79 N. E. 38, 7 L. R. A. (N. S.) 752, cited by defendant in support of its contention to the contrary, is specious, but not sound, against the weight of authority, and this court will not follow it.

The general rule that a principal cannot receive and retain the benefits of a transaction and at the same time deny the authority of the agent by whom it was consummated has been generally followed by the courts. Bank of Lakin v. National Bank of Commerce, 57 Kan. 183, 45 Pac. 587, and authorities cited; Perkins v. Boothby, 71 Me. 91; First National Bank v. Oberne et al., 121 Ill. 25, 7 N. E. 85; Watson et al. v. Bigelow et al., 47 Mo. 413; McDermott v. Jackson, 97 Wis. 64, 72 N. W. 375; Willis v. St. Paul Sanitation Co. et al., 53 Minn. 370, 55 N. W. 550; Flower v. Commercial Trust Co., 223 Fed. 318, 138 C. C. A. 580; Kirklin v. Atlas Savings & Loan Ass'n, 107 Ga. 313, 33 S. E. 83; Mundorff v. Wickersham, 63 Pa. 87, 3 Am. Rep. 531; Rosenthal et al. v. Hasberg (Sup.) 84 N. Y. Supp. 290. Numerous other cases are cited in the brief of counsel, which, in a general way, sustain the doctrine just announced and which are analogous, but not directly in point on the state of facts in this case, among which may be cited: Blakley v. Cochran, 117 Mich. 394, 75 N. W. 940; Ottawa Northern Plank Road Co. v. Murray, 15 Ill. 336; Marks v. Taylor, 23 Utah, 152, 63 Pac. 897; Cherry v. City National Bank, 144 Fed. 587, 75 C. C. A. 343; Aldrich, Receiver, v. Chemical National Bank of New York, 176 U. S. 618, 20 Sup. Ct. 498, 44 L. Ed. 611; Kendrick State Bank v. First Nat. Bank of Portland (D. C.)) 206 Fed. 940; Ditty v. Dominion National Bank of Bristol, Va., 75 Fed. 769, 22 C. C. A. 376; Hanover National Bank v. First National Bank, 109 Fed. 421, 48 C. C. A. 482.

The case of the First National Bank of Trenton v. Badger Lumber Co., 54 Mo. App. 327, was a case very similar in point of facts to the case here under consideration. This case was by the Missouri Court reversed, again tried, and appealed, and again reached the court and was affirmed in the 60 Mo. App. 255. From the first opinion rendered in this case (54 Mo. App. 327, supra), we take the following excerpt:

"Hershe made two notes in the name of the defendant which he paid before he made the one of which we shall have occasion to presently speak, but whether the defendant knew of these transactions is not shown by the evidence. Hershe fell behind with the defendant in respect to the faithfully accounting for all moneys received by him in his capacity as agent for the defendant. To cover up his defalcations, he made in the name of the defendant a note to the plaintiff bank, in which he had been depositing the moneys of the defendant for the sum of $500, which the defendant refused to pay at maturity, or at all, on the ground that Hershe had no authority to make and sign the same for it. It does not appear that the plaintiff had knowledge of Hershe's want of authority to do this. It seems to have loaned the money on the credit of the defendant. Indeed, there is much evidence adduced from which this might possibly have been inferred; but, however this way be, the plaintiff seems to have conceded after the defendant's refusal to pay the note that Hershe had not the requisite authority to make the note, and so sued the defendant for the return of the money borrowed on its note. It appears, further, that Hershe received for the note so made to plaintiff a draft for $500 on the Bank of Commerce of Kansas City, which he sent to the defendant, who collected the same. The defendant not only refused to pay the note, but to return the amount thereof which it received after becoming acquainted with all the facts. The trial court in effect declared that the defendant incurred no liability to plaintiff in consequence of these facts. It repudiated the unauthorized act of its agent in signing the note, but ratified the transaction to the extent of retaining the proceeds of the discount after becoming aware of all the facts. This, of course, the law does not tolerate. A party under such circumstances cannot repudiate that part of an unauthorized transaction of an agent which is unfavorable to him and adopt that part which is favorable. Nichols v. Kern, 32 Mo. App. 1; Ruggles v. County, 3 Mo. 497; State ex rel. v. Harrington, 100 Mo. 170 [13 S. W. 398]; Mechem on Agency, sec. 148, and authorities cited in note 1. He must approve and ratify it entirely or not at all. Although the defendant did not authorize its agent to borrow of the plaintiff said sum of money and was ignorant of the fact that he had done so well the said sum was paid over to it, yet if after defendant ascertained the fact that its agent had borrowed said sum on its credit, and that he had paid over the same to it, then upon every principle of right doing and justice the debt became its own as much so as if it had, in the first instance, authorized its agent to procure the loan of the plaintiff. Under all the circumstances it would be more reasonable and equitable to hold the defendant to an agreement which it ignorantly ratified than that the plaintiff who was acting in good faith should be subjected to loss. * * * The defendant should, upon repudiating the unauthorized act of its dishonest agent, have returned the fruits of the latter's crime which had come into the possession of the former, though innocently

so. When defendant was advised of the fact that it had money in its possession which it had received from its agent and which had been obtained by him in its name and upon its credit by fraud, the least that it could have done would have been to make restitution to the rightful owner. The defendant by retaining the fruits of Hershe's crime after acquiring full knowledge of the unauthorized transaction made that transaction its own. Davis v. Krum, 12 Mo. App. 279; Mechem on Agency, supra. The court erred in directing the jury that under the evidence the plaintiff could not recover."

When the case was again before that court it said:

"When the case was here on the former appeal the judgment was reversed, and the cause remanded, to be proceeded with in accordance with the view of the law expressed in the majority opinion. Since then the case has been retried. * * * There is nothing suggested in the very elaborate brief of the industrious counsel for the defendant that in the least tends to unsettle the conviction then expressed. The authorities then cited and relied on by us we feel more than ever assured fully justified the conclusion there stated. Our convictions have been strengthened by an examination of the following further authorities to which we have been cited: Rogers v. Empkie Hardware Co., 24 Neb. 653 [39 N. W. 444]; Leavitt v. Sizer [35 Neb. 80] 52 N. W. 832; Busch v. Wilcox, 82 Mich. 315 [46 N. W. 940]; Ripley v. Case, 86 Mich. 261 [49 N. W. 46]."

Upon consideration of the authorities just cited we believe that the defendant, having retained the proceeds of the note procured by the unauthorized act of its agent, after learning of the facts as shown by the evidence, ratified such transaction and became liable to the lender. The plaintiff, for that reason, was entitled to an instructed verdict.

The judgment, therefore, is affirmed.

By the Court: It is so ordered.