## French v. Ramge.

MEASURE OF DAMAGES. An allowance of damages sustained by reason of failure to ship goods, according to contract, upon the basis of calculation of profits to arise from trade in the goods, is inadmissible.

Error to the Douglas District Court.

This was an action brought by French to foreclose two mortgages executed by Ramge to the plaintiff. Ramge was a merchant-tailor, doing business in Omaha, Nebraska. The defence interposed to the second cause of action was, that French agreed, that if defendant would secure by mortgage the indebtedness then existing on open account from Ramge to him, and pay interest thereon at the rate of twelve per cent per annum, he would postpone payment thereof for five months, and sell and ship Ramge, on a credit of four months, such goods — not exceeding eighteen hundred dollars in value — as he should require for his spring trade, then about to open ; that, relying on such agreement, Ramge executed the mortgage set up in the second cause of action in the petition ; and French, in pursuance of said agreement, took his order, and, after holding it for more than twenty days (Ramge meanwhile expecting the arrival of the goods daily), for the first time informed Ramge (by letter) that he would not then or ever fill such order ; and before Ramge could procure the goods embraced in said order, and necessary for him to carry on his spring trade, from other sources, the season was well-nigh over ; he lost the sale of the goods, and his

FRENCH *v.* RAMGE.

customers were compelled to purchase elsewhere; in consequence of which he suffered great damage and loss, which he seeks to set up as a counter-claim to the amount due upon such mortgage.

To this defence a general demurrer was interposed, which was sustained by the Court. In this ruling, as well as in the refusal to grant a new trial, it is claimed the Court erred ; and this petition is filed by Ramge to correct the alleged error.

*Spaun & Pritchett,* for plaintiff in error.

*J. Neville* and *T. W. T. Richards,* for defendant in error.

I. The damages alleged by way of counter-claim are remote and consequential, and cannot be allowed. *Sed. on Meas. of Dams.,* pp. 57, 65, 66, 68, 72 ; 3 *Pars. on Conts.,* 181, *et seq. ;* 2 *Gr'lf on Ev.,* sect. 256 ; *Cincinnati* v. *Evans,* 5 *Ohio S.,* 594 ; *Fleming* v. *Beck,* 48 *Penn., S.* 309 ; *Berry* v. *Dwinel,* 44 *Maine,* 255 ; *Olmstead* v. *Burke,* 25 *Ill.,* 86.

II. The only damages recoverable by plaintiff in error would be the difference between the value of the goods at the time they were to be delivered and the date of the refusal to perform. *Sed. on Meas. of Dams.,* p. 291 ; 3 *Pars. on Conts.,* 204, *et seq. ; Dana* v. *Fiedler,* 12 *N. Y.,* 40 ; *Griffin* v. *Colver,* 16 *N. Y.,* 489 ; 2 *Gr'lf on Ev.,* sect. 261 ; *Humphreysville, &c., Co.,* v. *Vermont, &c., Co.,* 33 *Vt.* (4 *Shaw*), 92.

III. Special damages of this kind must be pleaded, or no recovery can be had. There are no allegations covering such damages in the answer of the plaintiff in error. *Sed. on Meas. of Dams.,* p. 65 ; *Armstrong* v.

FRENCH *v.* RAMGE.

*Percy,* 5 *Wend.,* 538; *Furlong* v. *Polleys,* 30 *Maine,* 17 *Shep.,* 491.

CROUNSE, J.

It may be conceded, that securing an open account by mortgage upon the homestead of the debtor, signed by the debtor and his wife, is a good consideration for a promise made by the creditor. The promise set up by Ramge, in his answer to the petition filed by French to foreclose the mortgage so given, is, that French was to sell and ship him further goods, as he might require for his spring trade as a merchant-tailor, to an amount not exceeding eighteen hundred dollars. French failing to send the goods ordered by Ramge, the latter sets up a counter-claim for alleged damages arising from such failure. No price was agreed upon for the goods ordered; and of course no damage results from any difference between any agreed price and the value of the goods at the time and place of delivery. But it is averred, and it is made the *gravamen* of the defence, that, waiting some twenty days for the arrival of the goods before he was advised that French refused to send any, Ramge lost the sale of a large amount of cloth and the profits thereon, as well as the profit on the manufacturing the same into garments; that many of his permanent customers had to go elsewhere to be supplied, and thereby lost as customers altogether: for all of which he asserts a claim for damage of some eight hundred dollars.

That one party to a contract is entitled to recover such damages as he may have sustained by reason of its breach by the other is a general legal proposition; subject, however, to such restriction as to what may be regarded as properly falling under the head of damages

FRENCH *v.* RAMGE.

as policy and justice have attached. This claim over-leaps all limits, and is opposed to the rule as found in the authorities.

Sedgwick, in his work on the " Measure of Damage," p. 18, says, " Both the English and American courts have generally adhered to the denial of profits as any part of the damages to be compensated, and that whether in cases of contract or tort."

Farther on the same writer says, " Independent, how-ever, of all authority, I am satisfied, upon principle, that an allowance of damages upon the basis of a calculation of profits is inadmissible. The rule would be in the highest degree unfavorable to the interests of the com-munity."

Mayne, a writer on the same subject, says (p. 6, " Measure of Damage "), " It is obviously unfair that either party should be paid for carrying out his bargain on one estimate of its value, and be forced to pay for failing in it on quite a different estimate. This would be to make him an insurer of the other party's profits without any premium for undertaking the risk."

Parsons, in his work on " Contracts," vol. iii. p. 182 (fifth edition), says, " Profits are excluded, not because they are in themselves remote, but because they depend upon contingencies which are so many, so various, and so uncertain, — as the arrival of goods ; the time, place, and condition of arrival ; the state of the market at the moment ; and the like, — that it would be impossible to arrive at any definite determination of the actual loss by any trustworthy method."

*Fleming* v. *Beck*, 48 *Penn.*, 309, was a case brought to recover damages for loss of custom and profits by alleged defective performance of a contract to dress millstones. No recovery was allowed, because of the

FRENCH v. RAMGE.

remoteness of the damages. Judge Agnew, delivering the opinion of the Court, remarks, "In strict logic it may be said, that he who is the cause of loss should be answerable for all the losses which flow from his causation. But, in the practical workings of society, the law finds in this, as in a great variety of other matters, that the rule of logic is impracticable and unjust. The general conduct and reflections of mankind are not founded on nice casuistry. Things are thought and acted upon rather in a general way than upon long, laborious, extended, trained investigation. Among the masses of mankind, conclusions are generally the result of hasty and partial reflection. Their undertakings, therefore, must be construed in view of these facts : otherwise they would often be run into a chain of consequences wholly foreign to their intentions. In the ordinary callings and business of life, failures are frequent. Few, indeed, always come up to a proper standard of performance, whether in relation to time, quality, degree, or kind. To visit upon them *all* the consequences of failure would set society upon edge, and fill the courts with useless and injurious litigation. It is impossible to compensate for all losses ; and the law, therefore, aims at a just discrimination, which will impose upon the party causing them the proportion of them that a proper view of his acts and the attending circumstances would dictate."

*Copper Company* v. *Copper Mining Company*, 33 *Vermont Reports*, p. 92, is a case quite like this. It was an action brought to recover special damages for a failure to meet a contract to furnish copper for manufacturing purposes. Chief Justice Redfield says, "There is nothing in this case to show that the parties were aware that this article was important to the plaintiff in carry-

FRENCH *v.* RAMGE.

ing forward his business, beyond the mere fact of being supplied with ore to manufacture, or how much ore the defendant knew the plaintiff would require for the supply of his works, or what proportion he expected from this source, or how difficult it might be to supply the place of this ore in the market, or whether this ore could be profitably worked alone. Under these circumstances, we are not prepared to say that the special damages claimed in this action were the natural or ordinary, and therefore the known and necessary, result of the failure to perform the contract, or that they were in any sense fairly within the contemplation of both parties at the time of entering into the contract, and so the natural result of the breach of the contract as understood by the parties; and, unless the damages resulting from a breach of a contract are of this character, it will be settled they are too remote to be recovered. The general damages which the vendee of personal property is entitled to recover for its non-delivery, whether the price be paid or not, is the difference between the contract-price and the market-value of the article at the time and place of delivery when the price has advanced, together with the money paid on the contract."

*Berry* v. *Dwinel*, 44 *Maine Reports*, 255, is also quite similar. It was an action brought to recover damages for breach of contract in not cutting and hauling a large quantity of logs to be cut into lumber. Proof was offered to show damage resulting from not having a sufficient quantity of logs to stock the mill. The Court says, " The measure of damage for the non-delivery of an article is its value at the time and place of delivery. Remote and consequential damages — possible gains and contingent profits — are not allowed. The damages

recoverable are limited to such as are the immediate and necessary result of the breach. The purpose of the purchaser, the anticipated disposition of the thing purchased, and the probable profits in case the anticipated disposition had been made, are not, ordinarily, the proper subject of damage. The actual loss at the *time and place* of delivery seems to be the true rule to be gathered from all the cases." See *Hadley* v. *Baxendale*, 26 *Eng. L. & E.*, 398 ; *Hamlin* v. *The Great N. W. R. R. Co.*, 38 *id.*, 335 ; *Watson* v. *The Ambergate, Nottingham, & Boston R. R. Co.*, 3 *id.*, 497 ; *Taylor* v. *McGuire*, 13 *Missouri*, 517 ; *Olmstead* v. *Burke*, 25 *Ill.*, 86 ; *Griffin* v. *Colver*, 16 *N. Y.*, 489.

The case before us is one where there is a simple breach of contract, and for which at least most nominal damages could be allowed. No price was agreed upon for the goods ordered, and no damage results from any increased price that Ramge might have had to pay. Had the goods been sent, the presumption is ·that he must have paid for them what they were worth. The fact that he was to have a credit, he paying interest, no extraordinary circumstances being averred, lays no foundation for damage. By paying cash, he saves the same amount of money he must have paid as interest. No importance is given this circumstance by counsel, however ; but, the loss of profit which· might have been realized from the sale of the goods manufactured, and the loss of customers, are relied on. These, as we have seen, involve too many contingencies to be admitted. An investigation of this kind would lead into a wilderness of uncertainties. At best, the Court could but approximate to the extent of the manufacture and sale of cloths by Ramge. Equally uncertain would be the question of how much would be the

FRENCH *v.* RAMGE.

probable profit on each garment sold, which must be qualified by the amount of competition, the value of labor, the rise or fall in the price of ready-made or custom-made clothing, the fact whether the customers buy for cash or on time, the responsibility of some of the patrons, and like considerations. All these, we repeat, are too uncertain and confused to be tolerated; and any attempt to ascertain damages of this character would more likely result in doing injustice than justice. It is not averred, neither is it to be supposed, that French understood his agreement as any thing more than that he was to forward the bill of goods to the extent of nine hundred dollars, as in other ordinary cases of sales made by him. Whether he could not supply the goods ordered, or whether he chose, on reflection, to sell no more to one whom he had to purchase to secure an honest claim by a further venture, he could only apprehend such damages as naturally flow from a like breach. He could well expect, and there is nothing to show to the contrary, that Ramge could buy from some one else. Boston and the house of French were not the only recourse for goods. For all that appears, the goods were but ordinary cloths and trimmings, and could have been purchased in numberless places and at any time. None of the matters relied on were brought distinctly to the knowledge of French, nor are they such as can be regarded as in the contemplation of the contracting parties.

When any thing beyond the difference between the agreed and market price for the thing sold or work contracted to be done is sought to be recovered, some special circumstance is shown. Take, for example, the case of *Messmoore* v. *The N. Y. Shot and Lead Co.*, 40 *N. Y.*, 422, where profits as such were recovered.

FRENCH *v.* RAMGE.

There the plaintiff, having contracted to sell to the State of Ohio a large quantity of bullets of a certain quality and at a fixed price, deliverable at Columbus, Ohio, made a contract with the defendant at New York, by which the latter agreed to manufacture and deliver to him the same quantity and quality of bullets ; and, at the time of making it, he informed the defendant of his arrangement with the State of Ohio, and that he was contracting with him for the bullets in order to carry out that arrangement.    It was there held, the defendant failing to deliver, that the plaintiff could recover the difference between the price the plaintiff was to receive and the price at which the defendant was to furnish the bullets.    There it will be seen the profits were fixed, and susceptible of exact computation, and that the defendant contracted with full knowledge of and in direct reference to them.

But in the case at bar nothing of this kind is shown ; nor is any thing disclosed by the answer taking it out of the ordinary rule, as is so thoroughly settled by the cases.

At most, but nominal damages could be proven. Where this is the case, and the question of costs, as here, is not affected, this Court will not reverse a judgment. The judgment of the Court below is therefore affirmed.

JUSTICE LAKE concurs.

Judgment affirmed.

MASON, Ch. J., dissenting.

It is suggested that there was no consideration for the plaintiff's promise to ship and sell to Ramge the eighteen hundred dollars' worth of goods on credit.   The defend-

FRENCH *v.* RAMGE.

ant promised to execute a mortgage on his real estate to secure the plaintiff their old indebtedness to them if they would sell them the further amount of eighteen hundred dollars in goods on time; and then agreed, in consideration of the execution and delivery of the mortgage, to do so. Defendant executed the mortgage, and delivered the same to plaintiffs: this was a good and executed consideration for the promise of the plaintiff. They received the benefit of this agreement from the defendant, and now refuse to perform their part of the agreement. This they cannot legally do. The contract was legal, and based upon a substantial and valid consideration moving from the defendant to the plaintiff, — the execution and delivery of the mortgage to secure his old indebtedness to the plaintiff. The defendant has a legal right to secure such damages from the plaintiff as he can show he has sustained by their failure to comply with the contract. The defendant's damages, whatever they are, much or little, is a matter of proof, and they grow out of the transaction upon which the plaintiff's claim is based; and he has a legal right to recoup the same against the claim of the plaintiff.

It is not here a question of the measure of damages, but whether the case stated in the answer alleges that the defendant sustained damages; neither is it a question of the rule of damages, but of the sufficiency of the answer whether it alleges a counter-claim. The cases stated by the majority of the courts arose, not upon the pleadings, but upon the measure of damages arising at the time. That one promise may be a good consideration for another is well settled: all stock contracts have this basis, and they have been repeatedly upheld. But, in this case, the consideration moving from Ramge to the plaintiff was an executed consideration, and was

good to support the promise of the plaintiff's therefor. The Court erred in sustaining the demurrer of the defendant Ramge. The judgment of the Court below should be reversed, and the cause remanded for further proceeding.