them, and not to any other person. The action is to recover the installments, or rent, which became due February 1 and March 1, 1901, and at the time it was instituted defendant remained in possession of the demised premises.

This court has decided that the owner of premises may make a valid assignment of the rents thereof in a bond and mortgage. Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166. The pleadings were oral, and the defendant's answer was "general denial; no jurisdiction; eviction." Against the objections and exceptions of plaintiffs, the defendant was permitted to show that, prior to the execution of the written lease, the landlord agreed to run the elevator at all times, and to keep the heat turned on from October to May 15th; that during February, 1901, the heating of all defendant's apartments was suspended during one entire day by reason of the inability of the landlord to provide the necessary coal; that the defendant was subject at that time to severe attacks of pleurisy; that she paid rent to the landlord after these occurrences in order to preserve her health and insure heating of the rooms; that she paid the landlord $73 in February, 1901, and that all of said sum was spent by the landlord in operating the elevator and producing heat; and that on the said day in February the steam heat was not turned on, or the elevator service resumed, until she paid said sum. The evidence thus introduced in behalf of defendant did not constitute a defense. There was no eviction, either actual or constructive; for, at the time suit was brought, defendant was still in possession of the premises. If the testimony was admissible it could only be so in proving a counterclaim to the plaintiffs' demand. But there was no counterclaim pleaded, either before or during the trial, and plaintiffs in no manner acquiesced in treating the alleged defense as a counterclaim. The defendant offered the plaintiffs the rent for February and March, provided the plaintiffs would undertake the management of the premises and furnish the defendant with steam heat and janitor and elevator service; but plaintiffs refused to receive the rent on these conditions, and were under no obligation to do so.

Judgment affirmed, with costs. All concur.

---

POSTAL TEL. CABLE CO. v. ROBERTSON.

(Supreme Court, Appellate Term. October, 1901.)

1. TELEGRAPH COMPANY—UNREPEATED MESSAGES — LIMITATION OF LIABILITY—GROSS NEGLIGENCE.

To send to Chicago, Ill., an unrepeated telegram, addressed to Toledo, Ohio, is gross negligence, for which a telegraph company is liable for the full amount of damage caused by the resulting delay, notwithstanding a contract limiting its liability for delay to the amount received for sending it.

2. SAME—SUING SENDER AS PRINCIPAL FOR PRICE—AGENCY AS OBJECTION TO COUNTERCLAIM.

A telegraph company suing defendant, as principal, for the price of a telegram, cannot raise the point in defense to a counterclaim for negligence in its transmission that he was an agent only in delivering it for transmission.

Appeal from municipal court of city of New York.

Action by the Postal Telegraph Cable Company against John Robertson. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and McADAM, JJ.

A. S. Luria, for appellant.

C. E. Thornall, for respondent.

GILDERSLEEVE, J. The plaintiff sued for the price of sending certain telegrams, and the defendant counterclaimed for damages caused by the plaintiff's delay in sending one of said telegrams. The justice gave judgment for the defendant in the sum of $125, the difference between the plaintiff's claim of about $125 and the defendant's counterclaim of $250. The plaintiff appeals.

The defendant is a broker on the Produce Exchange, and sent the telegram from the floor of the exchange by delivering it to the plaintiff's operator there. The telegram was an important one, and was, with the exception of the address, in cipher. The operator knew that defendant was such broker, and that the telegram was accord-- ing to the cipher code used by brokers to purchase and sell grain. The said telegram was plainly directed to Churchill & Co., Toledo, Ohio; yet through some unexplained mistake the plaintiff sent it to Churchill & Co., Chicago, Ill. This firm, perceiving that the telegram was not for them, returned it to the plaintiff in New York, and not until then did the plaintiff's servants and agents perceive the error, and send the telegram to Churchill & Co., Toledo, Ohio. The defendant claims to have been damaged $250 by the delay, and swears positively that by reason thereof the grain was not purchased until some time later, which caused the loss indicated. The telegram in question was a nonrepeated one, and the contract on the back of the telegraph blank limited the plaintiff's liability for any damage caused by delay to the amount received for sending the telegram. The rule is that a telegraph company may, by contract, limit its liability for mistakes or delays in the transmission and delivery or nondelivery of messages, caused by negligence of its servants, if the negligence is not gross, to the amount received for sending the dispatch; but such company cannot, by notice, limit its liability in this respect by any form of contract, when its negligence is gross or its conduct willful. Dixon v. Telegraph Co., 3 App. Div. 64, 38 N. Y. Supp. 1056; Will v. Cable Co., 3 App. Div. 22, 37 N. Y. Supp. 933. Was this unexplained and unexcused delay a case of gross negligence? Under the circumstances disclosed we think it was, and that plaintiff is liable for the damage caused thereby. As to the claim that defendant was an agent, the plaintiff cannot raise that point, having sued the defendant as principal for the price of the very telegram upon which the counterclaim is based; besides which the defendant swears as follows: "Q. Have you suffered any loss? A. Yes, sir. Q. Explain it. A. Simpson demanded ten car loads of me, and, not having bought them,

and the market meantime changed two and a half cents, and I bought in minimum size cars, 250 bushels each. Q. You lost by that? A. Lost $250." Upon the whole case, we think the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.