THE BLACKWELL MILLING AND ELEVATOR COMPANY v. THE
WESTERN UNION TELEGRAPH COMPANY

(Filed September 6, 1906.)

1. **COMMON CARRIERS**—Telegraph Companies are. By statute, telegraph companies in this territory are declared to be common carriers; and, such being their status, they are to be treated in all respects as invested with those privileges and as bound by those obligations and restrictions which are placed around companies of that character.

2. **SAME**—Diligence Required. In this territory telegraph companies are bound to exercise the utmost diligence in the transmission and delivery of messages entrusted to them.

3. **SAME**—Liability for Delay. Telegraph companies in this territory are liable for the full amount of the loss sustained by reason of their failure properly to deliver messages within a reasonable time notwithstanding an express stipulation in the contract of carriage that such companies shall not be liable for mistakes or delays in the transmission or delivery, or non-delivery, of any unrepeated message beyond the amount received for sending the same.

4. **SAME**—Void Contract. Construed in the light of the statutes of this territory, a stipulation in a contract of carriage, by which a telegraph company seeks to limit its liability for its negligence, unless messages entrusted to it are repeated, is unreasonable and contrary to public policy, and therefore void, where the negligence consists in unreasonable delay in delivery.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*W. C. Tetirick,* for plaintiff in error.

*George H. Fearsons* and *Shartel, Keaton & Wells,* for defendant in error.

## STATEMENT OF FACTS.

This is an appeal from the district court of Kay county. The Blackwell Milling & Elevator Company, plaintiff in error, through its petition filed October 9, 1903, sought to recover from the Western Union Telegraph Company, defendant in error, damages upon two causes of action, each cause of action being for the failure of the defendant in error to properly transmit the telegrams therein described.

On December 21, 1903, plaintiff below filed an amended petition, consisting of two causes of action, based upon the two telegrams described in the original petition. On January 8, 1904, the telegraph company demurred to said amended petition, which demurrer was overruled, and thereafter, on February 27, 1904, filed a general denial for its answer.

The case came on for trial on March 20, 1905, at which time the defendant company moved for judgment on the pleadings. This motion was sustained by the court and exception allowed. Motion for new trial was filed within the statutory time by the plaintiff in error, overruled, and exception saved. This proceeding is commenced to review the action of the trial court.

It appears from the pleadings that the plaintiff in error is an Oklahoma corporation, engaged in the business of buying and selling grain, manufacturing flour and other milling products, located in the city of Blackwell, Oklahoma; that the defendant is a New York corporation, owning, leasing, controlling and operating lines of telegraph throughout the United States and maintaining an office in said city of Blackwell; that on the evening of June 26, 1903, the elevator com-

pany received at its office in Blackwell an offer from Richardson & Company, dealers in grain at the city of Gainsville, Texas, of 65 3-4 cents per bushel for five thousand bushels of wheat. That said offer was good only until accepted at the office of Richardson & Company in said city of Gainsville Texas, up to the hour of 9:30 o'clock a. m. of June 27, 1903, all of which was known to said telegraph company; that on said 27th day of June, 1903, at 8:15 o'clock a. m., said plaintiff in error delivered to the telegraph company, at its office in Blackwell, for transmission to the said Richardson & Company, a telegram, of which the following is a copy:

"Blackwell, Okla. June 27th, 1903.
"Richardson and Co.,
 "Gainsville, Texas.
  "Stagger Costly Absolute Alchemy.
  "(Signed) BLACKWELL MILLING AND ELEVATOR CO.".

That said telegram was prepaid, and when translated meant:

"We accept your bid 65 3-4 cents 5,000 bushels of wheat."

That said telegram was received for transmission by said defendant in error, who failed to deliver the same at the proper place until ten o'clock of said date, thereby entailing a loss to plaintiff in error in the sum of $75.00.

The second cause of action is upon a telegram, a copy of which is as follows:

"Blackwell, Okla., June 29th, 1903.
"Richardson and Co.,
 "Gainsville, Texas.
  "Stagger Cool Absorbed Alchemy Bounteous Speaking by wire.
   "(Signed)
      "BLACKWELL MILLING & ELEVATOR CO."

That said telegram was the acceptance of an offer for a certain amount of wheat, and was delivered to said telegraph company, prepaid. The telegraph company, however, sent the telegram to Collinsville, Texas, instead of to Gainsville, from whence it was the next day sent to Gainsville, from which delay damages to the plaintiff below arose, in the sum of $400.00, for which it asked judgment, together with $400.00 exemplary damages. The petition in this case being very voluminous, and the sole question arising out of the terms of the stipulation on the back of the message forms, hereinafter set out, we deem it unnecessary to set out the pleadings in full. On the reverse side of the forms on which the messages in this case were written was the following stipulation:

"*ALL MESSAGES TAKEN BY THIS COMPANY ARE SUBJECT TO THE FOLLOWING TERMS:*

"To guard against mistakes or delays, the sender of a message should order it *REPEATED;* that is telegraphed back to the originating office for comparison. For this, one half the regular rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delay in the transmission or delivery, or for the nondelivery of any *UNREPEATED* message, beyond the amount received for sending the same. * * *"

Opinion of the court by

PANCOAST, J.: Four general assignments of error are made in the petition in error, but, condensed, these raise but the sole question, whether or not in this territory a telegraph company can lawfully exempt itself from liability for losses occasioned by the negligence of its servants, even by express stipulation in the contract of carriage. The petition in this

case is not challenged, but the argument of defendant in error is that the contract above set out is valid and reasonable, and relieves the telegraph company from liability for loss occasioned by its negligence, and the case of *Primrose v. Western Union Telegraph Co.*, 154 U. S. 1, is relied upon in support thereof. That case, however, has no application here. Upon investigation, we find that the supreme court of the United States there held that under the statutes of Pennsylvania a telegraph company was not a common carrier, and not subject to the same liabilities as such carrier; that the company not being a common carrier, the regulation was a reasonable one, and that the sender of an unrepeated message had no right of action against the company by reason of loss occasioned by delays arising from the negligence of the sending company.

By section 700, Wilson's Statutes 1903, a telegraph company is declared to be a common carrier, and by such provision, it is brought within the rules of law pertaining thereto. We see no good reason why the legislature may not, in the exercise of its discretion, when it deems such action appropriate, fix upon a telegraph company the *status* of a common carrier; and, that having been done, such companies in this territory are to be treated in all respects as invested with those privileges, and bound by those restrictions which the courts have seen fit to place around common carriers. Their rights are not those of an ordinary person, bearing no relation to the public, but as their standing is determined by legislative action to be that of a common carrier, their rights are correspondingly to be determined   by their *status* so fixed.

By section 699, Wilson's Statutes, 1903,

"A carrier of messages for reward must use great care and diligence in the transmission and delivery thereof."

It must use the "utmost diligence" therein. And such being the law, it cannot rightfully be urged that a telegraph company which fails to deliver within a reasonable time messages entrusted to its care, has exercised in the delivery thereof the "utmost diligence" which the statute requires. As we view the decisions, it is now the settled doctrine of the supreme court of the United States that not even by express stipulations in the contract of carriage may a common carrier exempt itself from liability for losses caused by its own negligence. Such stipulations are unreasonable and contrary to public policy, and therefore void. *Phoenix Ins. Co. v. Erie & Western Trans. Co.,* 117 U. S. 322; *Railroad Co. v. Lockwood,* 17 Wall. (U. S.) 357; *Railroad Co. v. Pratt,* 22 Wall. 123; *U. S. Express Co v. Kountze,* 8 Wall. 342; *Ormsby v. Union Pac. R. Co.,* 2 McCrary (U. S.) 48; 6 Cyc. 388.

A telegraph company, then, being a common carrier under our statute, and being obligated to the exercise of the "utmost diligence" in the transmission and delivery of messages, is liable for the full amount of the loss sustained by reason of its failure properly to transmit or to deliver within a reasonable time the messages entrusted to it for that purpose, notwithstanding an express stipulation in the contract of carriage that the company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated message beyond the amount received for sending the same. Such stipulations, as before stated, are un-

reasonable, in the light of the character of such companies in this territory, and, being, contrary to public policy, are therefore void.

Nor do we think our statute (Sec.706, Wilson's Statutes, 1903) which provides that a common carrier, "cannot be exonerated by any agreement made in anticipation thereof from liability for its gross negligence, fraud or wilful wrong," changes the rule in this respect, or renders lawful contracts which stipulate against recovery for losses occasioned by ordinary negligence.    A carrier of messages for hire, where they are made common carriers by legislative enactment cannot lawfully stipulate for exemption from liability or loss brought about by even its ordinary negligence, but, after the rule announced by the supreme court of the United States in numerous decisions, it must be held to the full measure of their liability as common carriers, and cannot be allowed to take advantage of its powers, and of the necessities of the public, to exact exemption from that measure of duty which the statute and public policy demands.

Construed in the light of the statutes of this territory the stipulation on the reverse of the form on which the messages in this case were written is void, on the ground that it is unreasonable and contrary to public policy.

For the reasons given, the judgment of the court below is reversed, and this cause is hereby remanded to the district court of Kay county, with instructions to vacate and set aside the judgment  sustaining  the motion  for judgment  on the

pleadings for costs, and for further proceedings in accordance with this opinion.

Hainer, J., who presided in the court below, not sitting; Burwell, J., and Gillette, J., dissenting; all the other Justices concurring.