OTIS M. SMITH, APPELLEE, v. WESTERN UNION TELEGRAPH COMPANY, APPELLANT.

FILED DECEMBER 18, 1907. No. 15,017.

1. **Telegraphs: NEGLIGENCE: EVIDENCE.** For a breach of its contract to transmit a message over its lines a telegraph company is liable for such damages as may reasonably be supposed to have been within the contemplation of both parties at the time the contract was made, and, such damages being dependent upon the knowledge of the parties at the time, proof thereof by evidence of facts and circumstances additional to such as are disclosed by the message itself is admissible.

2. **Appeal: INSTRUCTIONS: ASSIGNMENTS OF ERROR.** When a trial court

has instructed a jury generally upon the issues and law of a case, and there has been no request for different or additional instructions, an assignment of error in this court that "the court erred in failing to instruct the jury as to the law of the case" is too vague to call for consideration.

3. ——: EVIDENCE: ASSIGNMENTS OF ERROR. An assignment of error that "the court erred in the admission of incompetent evidence as to the measure of damages" is too vague to invoke the judgment of this court.

APPEAL from the district court for York county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*George H. Fearons, Francis A. Brogan* and *France & France,* for apellant.

*Gilbert Bros., contra.*

AMES, C.

There seems to be no important dispute of fact in this case. The plaintiff was, and for some time had been, a grain dealer at the city of York, in this state; his business consisting principally in purchasing grain from farmers and shipping it to and selling it at distant markets in the east and south. These facts were well known to the defendant, the Western Union Telegraph Company, through its agent and operator at said city, who was and for some time had been accustomed to receive and transmit over the defendant's lines daily a large number of telegraph messages relating to the plaintiff's business, and between the latter and distant persons and firms with whom he transacted his business, and particularly between him and a commission house or firm named Ballard, Messmore & Company, located at the city of St. Louis, Missouri. The operator knew also that such messages were frequently written in cypher so as to be partly or wholly unintelligible to persons not familiar with or in possession of the "key" by which they were interpreted. On the 13th day of July the plaintiff received a cypher telegram from Ballard, Messmore & Company, which being interpreted

means that they would, upon his acceptance of their offer before 9:30 o'clock A. M. of the next day, pay him 93 cents a bushel for 10,000 bushels of a certain description of wheat, if actually delivered within a specified time. After having during the day of the receipt of the message supplied himself with the required grain, the plaintiff shortly before 8 o'clock on the following morning delivered to the operator for transmission a message in the following words: "York, Neb., 7-14-1905. Ballard, Messmore & Co., St. Louis, Mo. Accept detailed absolutely accursed, will run very near sample will all be accursed. O. M. Smith." This message, which was delivered to the operator in time for transmission and delivery on or before 9:30 o'clock on the same day, is interpreted as follows: "Accept 93 cents, 10,000 bushels No. 2 hard wheat. Will run very near sample. Will all be No. 2 hard wheat." It is not shown that the operator interpreted the message or was competent so to do, or that any one explained it to him, or that he knew or could have known its exact meaning or the subject to which it related, except by inference from his knowledge of the foregoing circumstances. He negligently delayed sending the message for several hours, and in the meantime the market price of wheat fell to the extent of 5½ cents a bushel, entailing a loss of that amount, or $550 in all, upon the plaintiff, to recover which as damages this action was brought. The answer, except that it admits the corporate character of the defendant and the receipt of the message for transmission, is a general denial. There is a reply, which, however, does not affect the issues as thus stated. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appealed.

The principal reliance of the defendant is upon the rule announced in *Hadley v. Baxendale,* 9 Exch. (Eng.) *341, which has been generally, if not universally, adopted in this country, both by the United States and state courts, and which is expressed in the following language: "Where two parties have made a contract, which one of them has

broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." *Sycamore Marsh Harvester Mfg. Co. v. Sturm,* 13 Neb. 210; *French v. Ramge,* 2 Neb. 254. The rule, we think, is too well settled, both in this state and elsewhere, to permit of criticism or require discussion. Neither does there seem to be any doubt that in the absence of legislation it applies in its full extent and meaning to contracts, express or implied, for the transmission of messages over telegraph lines. *Western Union T. Co. v. Hall,* 124 U. S. 444; *Primrose v. Western Union T. Co.,* 154 U. S. 1; *Western Union T. Co. v. Coggin,* 68 Fed. 137; *Fergusson Bros. v. Anglo-American T. Co.,* 178 Pa. St. 377; *Candee v. Western Union T. Co.,* 34 Wis. 471. And the rule is held to apply with especial force in cases in which the message is in cypher, so as to be unintelligible to the company or its agents, and who are therefore presumably ignorant of its purport and purpose. *United States T. Co. v. Gildersleeve,* 29 Md. 232; *Western Union T. Co. v. Wilson,* 32 Fla. 527; *Cannon v. Western Union T. Co.,* 100 N. Car. 300. The purport of all these decisions, and of many others that might be cited, is that in an action against a telegraph company to recover damages for failure to transmit a message, unless the language of the message itself discloses that special loss or injury will probably result from such failure, or that fact is made known to the agents of the company by some other means, the measure of damages will not exceed the cost of transmission; otherwise, the requirement of the rule that only such damages are recoverable "as may reasonably be supposed to have been within the contemplation of both parties at the time they made the contract" will not be satisfied.

But it is equally well established by the authorities, or some of them, and deduced with logical necessity from principle and analogy, that knowledge of purport or purpose and of the nature of the loss or injury that will probably result from delay or error in transmission may be imparted to the company, so as to fix upon it a liability for substantial damages, as well by circumstances as by formal or explicit notice, or by the language of the message itself, and in the former case the fact, if it be one, that the message is wholly or partly cryptogram, is immaterial, except in so far as it may serve as an item of evidence for the proof or disproof of knowledge. 27 Am. & Eng. Ency. Law (2d ed.), 1063, and cases cited in note. This doctrine was fully adopted by this court in *Western Union T. Co. v. Church*, 3 Neb. (Unof.) 22, a case in some of its features not unlike this. The opinion, which cites and comments upon the authorities at considerable length, is reported as unofficial, but, inasmuch as the question was the sole vital point in the case and the decision was approved by the court as being "right," it cannot be regarded otherwise than as expressing the deliberate and unanimous judgment of the judges as well as that of the commissioners in this essential particular. Applying this rule to the case at bar, the above related facts, and some minor circumstances of like nature, but not recited, presented an issue of fact upon the question of knowledge appropriate for the determination of the jury, and constitute evidence sufficient to sustain their verdict in that respect. *Baldwin v. United States T. Co.*, 45 N. Y. 744.

There are two other assignments of error mentioned in the appellant's brief: "(2) The court erred in failing to instruct the jury as to the law of the case; (3) the court erred in admission of incompetent evidence as to the measure of damages." Both these assignments are too vague to invoke the judgment of this court. The trial judge did instruct generally upon the issues and law of the case. To several paragraphs of these instructions the defendant excepted, but no request for instructions was made on its

behalf, nor any objection that those given were not adequate to submit all the issues of fact to the jury under the court's view of the law applicable thereto. What specific instance or instances of admission of incompetent evidence occurred is not pointed out. The damages allowed appear to us to have been the probable and proximate result of the delay in the transmission of the message, and not excessive in amount.

We discover no error in the record, and recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.