## WESTERN UNION TELEGRAPH CO. v. BLACKWELL MILLING & ELEVATOR CO.

No. 155. Opinion Fi'ed July 13, 1909.

(103 Pac. 717.)

1.  **TELEGRAPHS AND TELEPHONES—Transmission of Messages—Notice of Contents.** In order to charge a telegraph company with liability for damages growing out of its neglect to correctly transmit a dispatch ordering the purchase or sale of a certain commodity, it is not necessary that the message should, on its face, disclose the nature of the business, so that the operator may understand its meaning as to the article, quantity, quality, and price. If enough appears in the message to show that it relates to a commercial business transaction between the correspondents, it will be sufficient to charge the company with damages resulting from its negligent transmission.

2.  **TELEGRAPHS AND TELEPHONES—Actions for Damages—Remote Damages.** A postal card containing the following offer was received by plaintiff: "Gainsville, Tex., June 29, 1903. We bid you track A. T. & S. F. Ry., Blackwell, acceptance to reach us here by 9:30 a. m. next business day, shipment within 20 days, 2 Red Wheat,. 63 3-4. Wire acceptance to Gainesville. State price when telegraphing acceptance. We reserve the right to reject amounts in excess of 10,000 bushels. Richardson & Co." Plaintiff, in ample time for delivery in due course within its terms, answered bv cipher message, which, translated, read as follows: "We accept your bid 63 3-4 cents, 20,000 bushels wheat, shipment within 20 days. Give shipping instructions." The address of the sendee of the message was plainly written; but the same was by the telegraph company negligently missent, and by reason thereof arrived too late. On this account no sale was made, and plaintiff sustained loss. There was testimony establishing that. if the message had been delivered, the amount of wheat offered would have been purchased. Held, the telegraph company was liable for the loss sustained.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by the Blackwell Milling & Elevator Company against the Western Union Telegraph Company. Judgment for plaintiff. and defendant brings error. Affirmed.

*Shartel, Keaton & Wells,* for plaintiff in error, citing: *Beatty Lumber Co. v. Telegraph Co.* (W. Va.) 44 S. E. 309; *Richmond Hosiery Mills v. Telegraph Co.* (Ga.) 51 S. E. 290; *Telegraph Co. v. Ferguson* (Ind.) 60 N. E. 677; *Smith v. Telegraph Co.,* 83 Ky. 104.

*Tetrick & Curran,* for defendant in error, citing: *Postal Tel. Cable Co. v. Robertson,* 74 N. Y. Supp. 876; *Telegraph Co. v. Howell,* 38 Kan.; Jones on Tel. & Tel., secs. 373, 544-546; *Postal Tel. Co. v. Lathrop,* 131 Ill. 575; *Mackey v. Telegraph Co.,* 16 Nev. 227; *Telegraph Co. v. Grims,* 82 Tex. 89; *Telegraph Co. v. Nye Grain Co.* (Neb.) 97 N. W. 305; *Telegraph Cable Co. v. Nichols,* 159 Fed. 644; *Smith v. Telegraph Co.* (Neb.) 114 N. W. 288; *Express Co. v. Caldwell,* 88 U. S. 264.

DUNN, J. This case has once been before the Supreme Court of the territory of Oklahoma. *Blackwell Milling & Elevator Company v. Western Union Telegraph Company,* 17 Okla. 376, 89 Pac. 235: The statement of facts relating thereto, as prepared by Justice Pancoast, is as follows:

."This is an appeal from the district court of Kay county. The Blackwell Milling & Elevator Company, plaintiff in error, through its petition filed October 9, 1903, sought to recover from the Western Union Telegraph Company, defendant in error, damages upon two causes of action; each cause of action being for the failure of the defendant in error to properly transmit the telegrams therein described. On December 21, 1903, plaintiff below filed an amended petition, consisting of two causes of action based upon the two telegrams described in the original petition. On January 8, 1904, the telegraph company demurred to said amended petition, which demurrer was overruled, and thereafter on February 27, 1904, filed a general denial for its answer. The case came on for trial on March 20, 1905, at which time the defendant company moved for judgment on the pleadings. This motion was sustained by the court and exception allowed. Motion for new trial was filed within the statutory time by the plaintiff in error, overruled, and exception saved. This proceeding is commenced to review the action of the trial court. It appears from the pleading: That the plaintiff in error is an

Oklahoma corporation, engaged in the business of buying and selling grain, manufacturing flour, and other milling products, located in the city of Blackwell, Okla. That the defendant is a New York corporation owning, leasing, controlling, and operating lines of telegraph throughout the United States and maintaining an office in said city of Blackwell. That on the evening of June 26, 1903, the elevator company received at its office in Blackwell an offer from Richardson & Co., dealers in grain at the city of Gainesville, Tex., of 63¾ cents per bushel for 5,000 bushels of wheat. That said offer was good only until accepted at the office of Richardson & Co., in said city of Gainesville, Tex., up to the hour of 9:30 o'clock a. m. of June 27, 1903, all of which was known to said telegraph company. That on said 27th day of June, 1903, at 8:15 o'clock a. m., said plaintiff in error delivered to the telegraph company, at its office in Blackwell, for transmission to the said Richardson & Co., a telegram, of which the following is a copy: 'Blackwell, Okla., June 27, 1903. Richardson & Co., Gainesville, Texas. Stagger Costly Absolutely Alchemy. [Signed] Blackwell Milling & Elevator Co.,' That said telegram was prepaid, and, when translated, meant: 'We accept your bid 63¾ cents, 5,000 bushels of wheat.' That said telegram was received for transmission by said defendant in error, who failed to deliver the same at the proper place until 19 o'clock of said date, thereby entailing a loss to plaintiff in error in the sum of $75. The second cause of action is upon a telegram, a copy of which is as follows: 'Blackwell, Okla., June 29, 1903. Richardson & Co., Gainesville, Texas. Stagger Cool Absorbed Alchemy Bounteous Speaking by wire. [Signed Blackwell Milling & Elevator Co.,' That said telegram was the acceptance of an offer for a certain amount of wheat, and was delivered to said telegraph company prepaid. The telegraph company, however, sent the telegram to Collinsville, Tex., instead of to Gainesville, from whence it was the next day sent to Gainesville, from which delay damages to the plaintiff below arose in the sum of $400, for which it asked judgment, together with $400 exemplary damages."

The Supreme Court reversed the case and remanded it for a new trial, and it came on for hearing before the district court of Kay county on the 10th day of December, 1907. On this occasion the first cause of action mentioned in the statement of

facts was dismissed by plaintiff, and recovery demanded upon the second only. At the conclusion of plaintiff's evidence, counsel for defendant filed a demurrer, which being overruled, they elected to submit the case. The court gave the jury general and special instructions, which, after argument, retired and returned a verdict in favor of plaintiff in the sum of $400, upon which judgment was rendered. A motion for new trial was duly filed, overruled, exception saved, and the case has been brought to this court for review upon petition in error and case-made. The parties will be denominated hereafter by the titles which they bore in the trial court.

Some additional facts, material to be considered, are: That June 29, 1903, plaintiff received from Richardson & Co., of Gainesville, Tex., a postal card, the material portion of which read as follows:

"Gainesville, Tex., June, 29, 1903. We bid you track A., T. & S. F. Ry. Blackwell, acceptance to reach us hereby 9:30 a. m. next business day, shipment within 20 days, 2 Red Wheat, 63 ¾. Wire acceptance to Gainesville. State price when telegraphing acceptance. We reserve the right to reject amounts in excess of 10,000. Richardson & Co.,"

In response to the foregoing offer, it filed for transmission with the operator of defendant at Blackwell, Okla., the message over which this controversy arises. The allegations of plaintiff's petition in reference thereto are as follows:

"That on the evening of June 29, 1903, the plaintiff received from Richardson & Co., grain dealers in the city of Gainesville, state of Texas, an offer of 63¾ cents per bushel for 20,000 bushels of wheat. That said offer was good until accepted by plaintiff at the office of Richardson & Co., in the city of Gainesville, Tex., up to the hour of 9:30 o'clock a. m. of June 30, 1903. That on the evening of June 29, 1903, the plaintiff delivered to defendant, at its office in the city of Blackwell, and defendant received from plaintiff for transmission to the said Richardson & Co., a prepaid telegram, of which the following is a copy: 'Blackwell, Okla., June 29, 1903. Richardson & Co., Gainesville, Texas. Stagger Cool Absorbed Alchemy Bounteous Speaking by wire.

[Signed] Blackwell Milling & Elevator Company.' A copy of said telegram with all indorsements thereon is hereto attached, made a part of, and marked 'Exhibit B.' That said telegram was in cipher, and meant, when translated: 'We accept your bid 63¾ cents 20,000 bushels wheat, shipment within 20 days. Give shipping instructions.' That defendant, by and through the carelessness and negligence of itself, its officers, servants, agents, and employees failed and neglected to properly and promptly transmit said telegram and deliver the same, and that it did not make delivery of said telegram until 11:10 o'clock a. m. of June 30, 1903, long after the hour of 9:30 o'clock a. m., the time within which plaintiff had to make acceptance of said offer of Richardson & Co. at its office in said city of Gainesville, and for said reason the firm of Richardson & Co. refused to accept plaintiff's acceptance."

Plaintiff's agent testified that 15 minutes was the usual time taken to send a message from Blackwell to Gainesville.

Of the issues presented here, counsel for defendant in their briefs pursue a most commendable course in specifically admitting the propositions they do not controvert. They admit that, as a result of the trial, verdict, and judgment, the following points are established:

"First, that the message was transmitted as alleged. Second, that the message was not delivered to Richardson & Co., at Gainesville until about 11 o'clock on June 30th in the forenoon. Third, that the failure to so deliver the message was the result of the defendant's negligence. Fourth, that the message was sent in response to a communication from Richardson & Co., by postal card, the substance of which is as follows: 'Gainesville, Tex., June 29, 1903. We bid you track A., T. & S. F. Ry., Blackwell, acceptance to reach us here by 9:30 a. m. next business day, shipment within 20 days, 2 Red Wheat, 63¾.' Among other conditions printed on the card is the following: 'We reserve the right to reject amounts in excess of 10,000 bushels.'"

They rely in this court, for a reversal, upon two instructions, which were tendered and requested by them, but which were refused by the trial court. The first of these instructions reads as follows:

"The message set out in the second cause of plaintiff's pe-

tition constitutes merely an offer to sell wheat as to 10,000 bushels of the 20,000 mentioned therein, and plaintiff is not entitled to recover damages as to more than 10,000 bushels."

The manager of the customer's office at Gainesville, Tex., testified that, had the telegram referred to been received by Richardson & Co. before 9:30 in the morning on the day it was received, the company was ready, willing, and would have taken the grain referred to therein. This testimony was objected to at the time it was offered, as calling for an opinion of the witness on a hypothetical question, and, while it is doubtless to some extent open to this objection, still as it is undisputed, and there is nothing in the record to discredit it or weaken its force to any extent, and as it probably was the only method available to plaintiff whereby its loss could be shown, it was in our judgment susceptible of proof, and evidence thereof was not too uncertain, remote, or hypothetical to be admissible.

The case of *Postal Telegraph Cable Co. v. Nichols et al.,* 159 Fed. 643, 89 C. C. A. 585, 16 L. R. A. (N. S.) 870, in some of its facts, presents a situation similar to the facts we are discussing. Nichols & Co. were general contractors in Tacoma, Wash. They had submitted a proposal in writing to do some work for the government in Alaska at a place called "Haines," the bids on which were to be opened by the government official at noon on the 13th day of June, 1903. On the 12th day of June, 1903, and in ample time to have had the same delivered to the official, the contractors wired him to add 5 per cent. to their bid. The company neglected to make the delivery in time. Circuit Judge Ross, who prepared the opinion for the court, in the discussion thereof, states that there was evidence going to show that, if the telegram had been delivered before noon on June 13th, the additional 5 per cent. would have been added to the bid of defendants in error. To this showing the same objection was raised as to the testimony above discussed and involved in the instruction asked in the case at bar. On that question it was said:

"We are also of opinion that the damages sued for, and which the defendants in error recovered in the court below, were not speculative or remote, as they covered only the 5 per cent. desired by the defendants in error to be added to their bid, and which the officers of the government having in charge the work in question testified would have been added, had the telegram been delivered prior to the opining of the bids at noon of the 13th of June, 1903."

To the same effect, in a degree, is the finding of the court on similar facts in the cases of *Western Union Telegraph Co. v. Nye & Schneider Co.,* 70 Neb. 251, 97 N. W. 305, 63 L. R. A. 803, and *Postal Telegraph Cable Co. v. Robertson,* 36 Misc. Rep. 785, 74 N. Y. Supp. 876. This fact then being found to be susceptible to proof and established, it is settled that:

"The measure of damages which may be recovered from a telegraph company for negligently transmitting or delivering a message, whereby a sale has been prevented, is the difference between the price of the subject-matter of sale at the time it would have been sold, had it not been for such negligence, and the price the plaintiff is thereafter enabled to obtain therefor, after exercising reasonable diligence to make such latter sale, together with expenses necessarily incurred in consequence of the delay or failure. In other words, if the plaintiff could have gotten a certain price for the thing to be sold at the time the message was delivered to the company, but was, after the negligence of the company in transmitting or delivering the message, only able to sell at a less price, and that by reasonable diligence, the measure of damages would be the difference between the two prices, together with the necessary expenses incurred in making the latter sale. The object of the law in such cases is to compensate the injured party as near as possible for the loss incurred." (Jones on Telegraph & Telephone Companies, § 546.)

The other instruction tendered by defendant, on which the claim of error is predicated, is as follows:

"The court instructs you in this case that both messages sued on by plaintiff were in cipher and unintelligible to a person reading same without knowledge of such cipher, and that no recovery can be had by plaintiff thereon in this action unless you believe from the evidence that the agent of defendant,

who receives such messages for transmission, knew at the time of· such receipt that such messages constituted acceptance of offers for the purchase of wheat."

We do not regard the failure to give this instruction as error, as it was not necessary that the company or its operator should know at the time of the receipt of the message that it constituted an acceptance or offer for purchase of wheat. It was sufficient, if the message, as written, when read in the light of well-known usage in commercial correspondence, reasonably informed the operator that it was one of business importance involving a money or financial liability in event of delay or negligent transmission. The undisputed testimony appearing in the record is that the message was sent in what is known as "Robinson's Code," and that with this code the operator informed the agent of the plaintiff he was familiar, and the testimony of the same agent is to the effect that the operator said he knew when he received a Robinson's cipher message that a good deal of money was at stake on a prompt transmission, and that he gave it a preference. This evidence was undenied, and in our judgment presents the character of knowledge required, and was sufficient to render the company liable for substantial damages for and on account of a negligent delay in delivery, and it was not necessary, in order that defendant be liable, to show that it or its operator knew at the time of the receipt of the message that the same constituted an acceptance or offer for the purchase of wheat. There might have been no evidence in the record showing that the defendant knew that the message in question related in any particular to this specific commodity, yet the company would have been liable from the facts showing the operator's knowledge of the value and importance of the message.

The general rule as sustained by a large number of authorities, and in our judgment the correct one, is that when the message, though couched in unusual or· technical trade language, if read in the light of well-known usage, or other circumstances, sufficiently apprises the telegraph company, through its operator,

that it relates to a commercial business transaction between the correspondents, and that a pecuniary loss may, and probably will, result from an incorrect or delayed transmission, there is no such obscurity as will confine its liability to nominal damages. 27 American & English Ency. of Law, p. 1063; *Smith v. Western Union Telegraph Co.*, 80 Neb. 395, 114 N. W. 288; *Erie Telegraph & Telephone Co. v. Grimes*, 82 Tex. 89, 17 S. W. 831; *Western Union Telegraph Co. v. Williford*, 2 Tex. Civ. App. 574, 22 S. W. 244; *Postal Telegraph Cable Co. v. Lathrop et al.*, 131 Ill. 575, 23 N. E. 583, 7 L. R. A. 474, 19 Am. St. Rep. 55; *Postal Telegraph Cable Co. v. Robertson*, 36 Misc. Rep. 785, 74 N. Y. Supp. 876.

The facts in the case which we have last cited (*Postal Telegraph Cable Co. v. Robertson*) were peculiarly similar to those in the case at bar, and are stated by the court as follows:

"The defendant is a broker on the Produce Exchange (New York City), and sent the telegram from the floor of the exchange by delivering it to the plaintiff's operator there. The telegram was an important one, and was, with the exception of the address, in cipher. The operator knew that defendant was such broker, and that the telegram was according to the cipher code used by brokers to purchase and sell grain. The said telegram was plainly directed to Churchill & Co., Toledo, Ohio, yet, through some unexplained mistake, the plaintiff sent it to Churchill & Co., Chicago, Ill. This firm, perceiving that the telegram was not for them, returned it to the plaintiff in New York, and not until then did the plaintiff's servants and agents perceive the error, and send the telegram to Churchill & Co., Toledo, Ohio. The defendant claims to have been damaged $250 by the delay, and swears positively that by reason thereof the grain was not purchased until some time later, which caused the loss indicated."

Judgment was rendered in that case by the trial court, and on appeal was sustained.

Independent of all these considerations, however, we do not see that plaintiff was prejudiced by the failure to give these instructions. The undisputed evidence in support of the verdict

and judgment clearly warrants them. To our minds the verdict could not have been otherwise upon the evidence. Every element necessary to entitle plaintiff to recover was abundantly sustained by uncontradicted evidence, so, had these instructions been given and a verdict followed for defendant, it seems to us that could not have been sustained. The rule obtaining in such cases was announced in the case of *Shawnee National Bank v. Wootten & Potts, ante,* p. 425, 103 Pac. 714, in an opinion delivered at this term of court.

Therefore, finding no error in the record, the judgment of the trial court is, accordingly, affirmed.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not sitting.